UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21225-CIV-KING

GEOFFREY BLAKE, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

SETERUS, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant SETERUS, INC.'s Motion to Dismiss Plaintiff's Complaint (DE 11), filed May 27, 2016.[1] Upon review, the matter is resolved pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to plead standing.

## BACKGROUND[2]

Defendant Seterus is a mortgage servicer for Fannie Mae. It services loans throughout the United States, including Miami-Dade County, Florida. When a homeowner defaults on their monthly mortgage payments, Seterus imposes additional fees that must be paid in order to stop a foreclosure. Despite a contractual obligation to

---

[1] The Court has also considered: Plaintiff's Complaint (DE 1) (the "Complaint"), filed April 6, 2016; Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (DE 15), filed June 27, 2016; Defendant's Reply in Support of its Motion to Dismiss (DE 18), filed July 15, 2016.

[2] The Complaint alleges the following facts, which the Court accepts as true at this stage of the proceedings.

1

only charge borrowers fees that Seterus has actually incurred, Seterus demands payment of estimated fees that are projected to be incurred in the future.

Plaintiff Geoffrey Blake purchased a home in Orlando, Florida through a loan from Amtrust Bank, which was secured by a mortgage on the property. Plaintiff made continuous payments but fell behind on his loan sometime on or before October 2010. Amtrust Bank assigned Plaintiff's mortgage to Fannie Mae and Seterus became the servicer of the loan while it was in default. On June 28, 2012, Popkin & Rosaler, P.A., on behalf of Fannie Mae, filed a complaint in the Ninth Judicial Circuit for Orange County to initiate a foreclosure on Plaintiff's property.

On or about June 2014, Plaintiff, through his foreclosure attorney, sent a written letter to Defendant Seterus and requested the amount needed to reinstate his loan. On or about June 30, 2014, Seterus responded in a letter and advised Plaintiff that it was "responding to your request for the amount required to reinstate the above-referenced loan to current status" and that "[t]his communication is from a debt collector as we sometimes act as a debt collector. We are attempting to collect a debt." In the letter, the total amount Plaintiff was required to pay to reinstate his loan was $92,938.74 by June 30, 2014 or $94,895.49 if paid between July 1, 2014 and July 18, 2014. The total amount due included $28,695.00 of "Estimated Charges" comprised of $20,750.00 for "Estimated Attorney Fees," $85.00 for an "Estimated Broker Price Opinion," $7,800.00 for "Estimated Other Costs," and $60.00 for "Estimated No Contact Inspect[ions]." These "estimated" amounts were based on projections, in the event that Plaintiff did not actually pay before a certain future date and certain events relating to foreclosure occurred. On or

about July 10, 2014, Defendant Seterus sent a nearly identical letter to Plaintiff, except that the reinstatement amount had changed to $86,975.49, if paid between July 10, 2014 and July 17, 2014. Seterus failed to provide any information or explanation concerning the "Estimated Other Costs." Seterus nonetheless demanded the Plaintiff pay the total amount due to reinstate his loan, including "estimated" amounts.

Plaintiff claims that, by tacking estimated fees onto the reinstatement amount, and failing to provide information in a clear and conspicuous manner, Seterus frustrated the Plaintiff's ability to reinstate his loan and caused him to incur further attorney's fees and costs in connection with defending the foreclosure action.

On April 16, 2016, Plaintiff filed this Complaint, which states three counts: Count I – Violation of the Florida Deceptive and Unfair Trade Practices Act §§ 501.203(3), 501.204; Count II Violation of the Real Estate Settlement Procedures Act 12 U.S.C. § 2605(k); Count III Violation of the Florida Consumer Collection Practices Act § 559.72(9).

## LEGAL STANDARD

Subject matter jurisdiction may be challenged facially and factually under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999). Facial challenges consider only the sufficiency of the complaint, taking its allegations as true. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011); *McMaster*, 177 F.3d at 940. Defendant has lodged a facial attack. "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents

3

central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing, a plaintiff must show "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Granite State Outdoor Adver., Inc. v. City of Clearwater*, 351 F.3d 1112, 1116 (11th Cir. 2003). Each element is "an indispensable part of the plaintiff's case" and "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

## ANALYSIS

The Complaint fails to clearly allege facts demonstrating an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, and also fails to clearly allege facts demonstrating a causal connection between the injury and the causal conduct. Plaintiff claims that the following sentence is sufficient to show an injury in fact caused by Defendant's inclusion of "estimated" fees:

> By charging estimated fees tacked on to the reinstatement amount, and failing to provide information in a clear and conspicuous manner, Seterus frustrated the Plaintiff's ability to reinstate his loan and caused him to incur further attorney's fees and costs in connection with defending the foreclosure action.

DE 1 at ¶ 51. Conclusions, such as the claim that Defendant's conduct "frustrated the Plaintiff's ability to reinstate his loan and caused him to incur further attorney's fees and costs," must be supported by factual allegations. To establish causation, Plaintiff must allege *facts* showing that but for Defendant's wrongful conduct he would not have been frustrated in his ability to reinstate the loan. The remaining allegations of the Complaint cited by Plaintiff are similarly conclusory. *See* DE 1 at ¶¶ 74, 80, 86.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED**:

1. Defendant's Motion to Dismiss Plaintiff's Complaint **(DE 11)** be, and the same is, hereby **GRANTED**, and the Complaint **(DE 1)** be, and the same is, hereby **DISMISSED WITHOUT PREJUDICE**;

3. Defendant's Motion to Stay Discovery Pending Disposition of Pending Motion to Dismiss **(DE 19)** be, and the same is, hereby **DENIED AS MOOT**; and

4. should he elect to do so, Plaintiff may file an amended complaint within **twenty (20) days** of the date of this Order.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 13th day of September, 2016.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**cc:** All counsel of record

5