**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

GEOFFREY BLAKE, on behalf of                        Case No.: 16-21225-CIV-KING
himself and all others similarly situated,

     Plaintiff,

v.

SETERUS, INC.,

     Defendant.

_____

### AMENDED CLASS ACTION COMPLAINT

Plaintiff, GEOFFREY BLAKE, on behalf of himself and all others similarly situated,

alleges violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*

("RESPA"), the Florida Consumer Collection Practices Act § 559.72 ("FCCPA"), and the Florida

Deceptive and Unfair Trade Practices Act § 501.203 ("FDUTPA"), against SETERUS, INC.

("Seterus").

1.     Seterus is a mortgage servicer for Fannie Mae. It services loans throughout the

United States, including Miami-Dade County, Florida. When a homeowner defaults on their

monthly mortgage payments, Seterus imposes additional fees that must be paid in order to stop a

foreclosure, such as unearned attorney's fees. Despite the contractual obligation in the uniform

Mortgage Agreements and Notes to only charge borrowers fees Seterus has actually incurred,

Seterus demands payment of *estimated* fees not yet owed; that is, fees Seterus projects to incur in

the future but has not actually incurred.

2.     Seterus charged Plaintiff Geoffrey Blake a staggering $28,695 in "estimated" fees

to reinstate his mortgage, a sum that included estimated attorney's fees, inspection fees and

broker's pricing fees. The Eleventh Circuit has denounced the inclusion of "estimated" fees in loan reinstatement demands, finding them to be a violation of the FCCPA.

3.      Hundreds of thousands of homes are in some stage of foreclosure in the United States every month. http://www.corelogic.com/research/foreclosure-report/national-foreclosure-report-january-2016.pdf. Most homeowners facing foreclosure are desperate to keep their homes and are willing to do close to anything to continue living in them with their families. Seterus exploits their desperation by placing them in danger of foreclosure if homeowners do not pay all of the fees Seterus demands—including fabricated debt characterized as "estimated" fees and costs.

4.      Seterus profits from these illegal charges because its compensation is based on the outstanding amount owed on the mortgage loan, and the longer the loan remains in default, the more Seterus profits.

5.      In addition to demanding payment of attorneys' fees and other fees that are not yet due, Seterus conceals the true nature of the fees, by including unexplained "Estimated Other Costs" in the amount homeowners must pay to reinstate their loan. These practices enrich Seterus at the expense of homeowners struggling to stay current on their mortgages, and by demanding payment of these estimated fees, Seterus forces homeowners into foreclosure and in some instances causes them to lose their home.

6.      By the conduct described above, Seterus knowingly violated the RESPA, FCCPA and FDUTPA, which caused Plaintiff and putative class members actual concrete and particularized injuries. Plaintiff's injuries are detailed *infra*.

## JURISDICTION AND VENUE

7.     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of RESPA, a federal statute.

8.     The Court has supplemental jurisdiction over the FCCPA and FDUTPA claims under 28 U.S.C. § 1367 because the basis of the RESPA federal claim involves the same debt collection practices that form the basis of the state claims.

9.     The Court has personal jurisdiction because Seterus does business throughout the United States, including Miami, Florida. Further, its voluntary contact with Plaintiff to charge and collect debts in Florida made it foreseeable that Seterus would be haled into a Florida court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

10.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) because Seterus is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and because its contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

11.     Plaintiff Geoffrey Blake is a natural person who currently resides in Florida.

12.     Defendant Seterus is a corporation with a principal place of business at 14523 Millikan Way, Beaverton, Oregon 97005. Seterus is one of the nation's leading specialty loan servicing companies.

## APPLICABLE LAW

### RESPA

13.     RESPA imposes certain obligations on mortgage servicers to provide accurate information to borrowers regarding their mortgage loans. 12 USC § 2605. In 2013, the CFPB enacted new regulations implementing specific provisions under RESPA and the Dodd-Frank Act

concerning mortgage loan servicers including, but not limited to, certain requirements for responding to a written request for information concerning a borrower's mortgage loan. *See* 12 CFR § 1024.36 *et seq.*; Public Law 111-203, 124 Stat. 1376 (2010).

14.     RESPA provides a private cause of action against a mortgage servicer for violations of the provisions of § 2605, if brought within three (3) years of the violation. 12 U.S.C. § 2614.

15.     RESPA defines "servicer" as the "person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(3).

16.     RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

17.     Pursuant to RESPA, a servicer of a federally related mortgage loan "shall not … fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E).

18.     RESPA's mortgage servicing regulations require a servicer to provide a borrower with required disclosures that are in writing and "clear and conspicuous." 12 CFR § 1024.32(a)(1).

19.     RESPA's mortgage servicing regulations require a servicer to provide a borrower with accurate and timely information in response to the borrower's request for information with respect to the borrower's mortgage loan.  12 CFR § 1024.38(b)(1)(iii).

20.     RESPA and its implementing regulations should be broadly construed to effectuate their remedial purpose. *Friedman v. Maspeth Federal Loan and Sav. Ass'n*, 30 F. Supp. 3d 183, 187 (E.D.N.Y. 2014) ("The Act was designed to throw the federal judiciary's protective cloak over residential-occupant owners of real property and their kin to protect against abuse by banks during loan closings and subsequent related events. The Act should be broadly applied to accomplish its prophylactic purposes by exercising federal subject matter jurisdiction.")

**FCCPA**

21.     The FCCPA prohibits debt collectors from engaging in certain abusive practices in the collection of consumer debts. *See generally* Fla. Stat. § 559.72.

22.     The FCCPA's goal is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (citing Fla. Stat. § 559.552).

23.     Specifically, the FCCPA states that no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

24.     The FCCPA creates a private right of action under Fla. Stat. § 559.77.

25.     The FCCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 559.55(8).

26.     The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debt. *Id.* § 559.72. This language includes all allegedly unlawful attempts at collecting consumer claims. *Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

27.     The FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 559.55(6).

**FDUPTA**

28.     The FDUTPA is "construed liberally to promote" the protection of consumers and businesses from "unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202.

29.     The FDUTPA creates a private right of action for FDUTPA violations. *Id.* § 501.211.

30.     The FDUTPA prohibits "unfair methods of competition, unconscionable acts or practices, or unfair or deceptive acts or practices in the conduct of any trade or commerce" against consumers. *Id.* § 501.204(1).

31.     The FDUTPA defines "consumer" broadly as an individual, entity, or any group or combination. *Id.* § 501.203(7).

32.     The FDUTPA defines "trade or commerce" as "advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." *Id.* § 501.203(8).

33.     Where there is a violation of a statute prohibiting unfair or deceptive acts, a *per se* violation of Florida's FDUTPA has also occurred. *See* Fla. Stat. § 501.203(3) (stating a violation of any law proscribing unfair methods of competition, or unfair, deceptive, or unconscionable acts is also a violation the FDUTPA); *Blair v. Wachovia Mortg. Corp.*, No. 11–cv–566–Oc–37TBS, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012) ("[A] *per se* violation of FDUTPA stems from the transgression of any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition or unfair, deceptive, or unconscionable acts or practices.").

## FACTUAL ALLEGATIONS

34.     On or around August 3, 2007, Plaintiff purchased a home in Orlando, Florida through a loan from Amtrust Bank, secured by a mortgage on the property. Copies of Plaintiff's Mortgage Agreement and Mortgage Note are attached as Exhibit "A" and Exhibit "B" respectively.  Plaintiff made continuous payments but fell behind on his loan sometime on or before October 2010.

35.     Amtrust Bank assigned its mortgage to Fannie Mae, and Seterus became the servicer of the loan while it was alleged to be in default.

36.     On June 28, 2012, Popkin & Rosaler, P.A., on behalf of Fannie Mae, filed a complaint in the Ninth Judicial Circuit for Orange County to initiate foreclosure with the court.

37.     In or about June 2014, Plaintiff, through his foreclosure attorney, the Smothers Law Firm, P.A., sent a written letter to Seterus and requested the amount he must pay to reinstate his loan.

38.     On or about June 30, 2014, Seterus responded in a letter and advised Plaintiff that it was "responding to your request for the amount required to reinstate the above-referenced loan

to current status" and that "[t]his communication is from a debt collector as we sometimes act as a debt collector. We are attempting to collect a debt." The letter is attached as Exhibit "C."

39.      In the letter, the total amount Plaintiff must pay to reinstate his loan was $92,938.74 by June 30, 2014 or $94,895.49 if paid between July 1, 2014 and July 18, 2014 *Id.*

40.      The total amounts due included $28,695.00 of "Estimated Charges" comprised of $20,750.00 for "Estimated Attorney Fees," $85.00 for an "Estimated Broker Price Opinion," $7,800.00 for "Estimated Other Costs," and $60.00 for "Estimated No Contact Inspect[ions]." These "estimated" amounts were based on projected amounts due in the event Plaintiff did not actually pay before a certain future date and certain events relating to foreclosure occurred.

41.      The letter states the amount Plaintiff must pay to reinstate his loan "is subject to all of the conditions in this letter. … [and] [a] late charge of $76.25 may be assessed in accordance with the terms of your loan agreement if the reinstatement funds are not received prior to the expiration of your grace period." *Id.*

42.      On or about July 10, 2014 Seterus sent a nearly identical letter to Plaintiff, except that the reinstatement amount changed to $86,975.49 if paid between July 10, 2014 and July 17, 2014. The Letter is attached as Exhibit "D."

43.      The total amount due changed because Seterus added a $15.00 "Estimated Property Inspection" fee and subtracted an $85.00 "Estimated Broker Price Opinion" fee, $5,250.00 for "Estimated Attorney Fees," and $2,600.00 for "Estimated Other Costs" compared to the total amount due in the June 30, 2014 letter.  *Id.*

44.      Nowhere in either letter does Seterus state it will return any of the estimated amounts if paid by the Plaintiff but not incurred by Seterus.

45.     Seterus failed to provide any information or explanation concerning the "Estimated Other Costs."

46.     In these letters, Seterus acted as a debt collector and mortgage servicer by attempting to collect amounts on behalf of its principal, Fannie Mae.

47.     Seterus demanded the Plaintiff pay these fees despite operating under strict servicing guidelines from Fannie Mae.

48.     Fannie Mae's "Servicing Guide," which Seterus is obligated to comply with, requires that Seterus "be aware of, and in full compliance with, all federal, state, and local laws (e.g., statutes, regulations, ordinances, administrative rules and orders that have the effect of law, and judicial rulings and opinions)." And "[a]s applicable law can change quickly, and sometimes without widespread notice, the seller/servicer must establish appropriate facilities for monitoring applicable legal developments and implementing appropriate measures to stay in compliance with applicable law. …" (emphasis added). *See* Fannie Mae Single Family Servicing Guide at A-2-1-08.

49.     The Servicing Guide only allows Seterus to charge a homeowner for, *inter alia*, "***all expenses, including attorney fees; that were actually incurred*** in connection with the foreclosure proceedings that are permitted under the terms of the note, security instrument, and applicable law" for reinstatement of the loan (emphasis added). *Id* at E-3.2-08.

50.     Despite Fannie Mae's specific prohibition, Seterus nonetheless demanded the Plaintiff pay the total amount due to reinstate his loan, including estimated fees and costs that were not actually incurred by Seterus.

51.     Additionally, these demands were a direct breach of each of the following contractual provisions permitting *only* recovery of amounts actually incurred: (1) Paragraph 9 of

the Mortgage Agreement permitted Seterus to recover "**amounts disbursed**" in protecting Fannie

Mae's interest and rights in the Mortgage Agreement (emphasis added); (2) Paragraph 14 of the

Mortgage Agreement  prohibited Seterus from charging estimated fees, stating **"[l]ender may not**

**charge fees that are expressly prohibited in this Security Instrument or by Applicable Law"**

(emphasis added); (3) Paragraph 22 of Fannie Mae's Mortgage Agreement permitted Seterus to

collect "**expenses incurred in pursuing**" certain actions under the Paragraph which governed

default, notice of default, actions to cure default, and reinstatement of loans (emphasis added);

and (4) Paragraph 6(E) of the Mortgage Note permitted Seterus, on behalf of Fannie Mae, the

"**right to be paid back** . . . for all of its costs and expenses in enforcing" the Note, which included

"reasonable attorneys' fees" (emphasis added).

      52.     By charging estimated fees tacked on to the reinstatement amount, and failing to

provide information in a clear and conspicuous manner, Seterus frustrated the Plaintiff's ability

to reinstate his loan and caused him to incur further attorney's fees and costs in connection with

defending the foreclosure action.

      53.     In a remarkably similar case involving demands for "estimated" attorney's fees

associated with loan reinstatement to avoid foreclosure, the Eleventh Circuit reversed the district

court's grant of summary judgment on the FDCPA and FCCPA claims, opining, among other

things, that the defendants had indeed falsely represented what the plaintiffs owed and that no

agreement expressly obligated the plaintiffs to pay these "estimated" fees. *See Prescott v.*

*Seterus*, *Inc.*, No. 15-10038, 2015 WL 7769235, at *2-6 (11th Cir. Dec. 3, 2015) ("[The

defendants] violated the FDCPA and FCCPA by charging [the plaintiffs] estimated attorney's

fees that they had not agreed to pay in the security agreement.").

54.     On or about March 7, 2016 the Plaintiff, through counsel, sent a cure letter to Seterus. See the letter attached as Exhibit "E."

55.     After a reasonable amount of time, the Plaintiff filed this lawsuit because Seterus failed to cure the breach of its violations of state and federal law.

## PLAINTIFF'S STATUTORY RIGHT TO RECEIVE PROPERLY DISCLOSED FEES FOR HIS MORTGAGE LOAN

56.     Plaintiff has a statutory right to receive accurate and timely information from Seterus in its response to Plaintiff's request for information about his mortgage loan. 12 CFR § 1024.38(a)(1)(iii). Also, Plaintiff has a statutory right to receive a clear and conspicuous disclosure from Seterus about the fees and costs he is required to pay on his mortgage loan. 12 CFR § 1024.32(a)(1).

57.     By failing to respond with accurate information about the amounts owed by Plaintiff on his mortgage loan, Seterus deprived Plaintiff of his statutory right to accurate information under RESPA.

58.     By failing to respond with a clear and conspicuous disclosure about the amounts owed by Plaintiff on his mortgage loan, Seterus deprived Plaintiff of his statutory right to clear and conspicuous disclosure under RESPA.

## ADDITIONAL FACTUAL ALLEGATIONS REGARDING PLAINTIFF'S INJURY CAUSED BY SETERUS'S FCCPA, FDUTPA, AND RESPA VIOLATIONS

59.     By charging estimated fees tacked on to the reinstatement of loan amount, and by failing to provide information in a clear and conspicuous manner, Seterus frustrated Plaintiff's ability to reinstate his loan and caused him to incur further attorney's fees and costs in connection with defending the foreclosure action.

60.     After Fannie Mae initiated foreclosure of Plaintiff's Orlando property in June 2012, Plaintiff retained Scott A. Smothers of Smothers Law, Firm, P.A. for representation in connection with mortgage payments purportedly owed to Fannie Mae and collected by Seterus.

61.     Plaintiff began paying Attorney Smothers $400 per month beginning July 26, 2012 and continued to pay him $400 per month until November 25, 2014 when Attorney Smothers resolved the foreclosure action by agreement with Fannie Mae and Seterus by entering into a loan modification agreement, attached as Exhibit "F."

62.     During the course of this representation, and after Seterus's June and July 2014 reinstatement of loan letters to Plaintiff demanding thousands of dollars in "estimated" fees, Plaintiff had the ability to pay the actual amount due to reinstate his mortgage loan.

63.     However, Plaintiff did not pay the actual amount owed to reinstate his loan because: (1) Plaintiff reasonably believed—and Seterus's June 2014 letter indicated—that the full $92,938.74 was due to reinstate his loan; (2) Plaintiff reasonably believed—and Seterus's July 2014 letter indicated—that the full $86,975.49 was due to reinstate his loan; and (3) both those amounts included many thousands of dollars in "estimated" fees Plaintiff did not understand, and refused to pay.

64.     Had Seterus's June and July 2014 reinstatement of loan letters clearly demanded only the amount actual owed to reinstate his loan—and not thousands of dollars in "estimated" fees not owed and ambiguously labeled—Plaintiff *could and would* have paid the actual amount owed to reinstate his loan shortly after Seterus' reinstatement letters in June and July 2014 and well before November 2014 when Plaintiff entered into his loan modification agreement.

65.     Because Seterus did not demand only actual amounts owed, Plaintiff continued to pay Attorney Smothers $400 per month until November 25, 2014 for additional months of

attendant legal fees. Attorney Smothers's extended representation and fees were also caused by the additional consultations required to discuss Seterus's illegal and confusing "estimated" fees in the June and July 2014 reinstatement of loan letters.

66.     Because Seterus did not demand only actual amounts owed, Plaintiff continued to incur interest on his mortgage loan and additional interest on the charges owed to Fannie Mae through Seterus resulting from the delayed payment.

67.     Because Seterus did not demand only actual amounts owed, Plaintiff had to engage in additional correspondence with Seterus and paid additional out-of-pocket costs. Additional costs included, among others, courier costs (e.g., postage) resulting from Plaintiff mailing Seterus additional information he would not have had to send had his loan been reinstated earlier.

68.     Because Seterus did not demand only actual amounts owed, Plaintiff experienced significant distress concerning foreclosure on his home.

69.     In the July 10, 2014 reinstatement letter, Plaintiff's unpaid principal balance was $311,836.86. Exhibit "D." When Plaintiff entered his Loan Modification Agreement (Exhibit "F"), Seterus added the fees and costs from its reinstatement letters (including the estimated fees not incurred), which increased Plaintiff's new principal balance to $418,113.86.

70.     Plaintiff has continued to make regular mortgage payments on his new principal balance after modification, which includes payment of estimated fees and costs he does not owe.

71.     Plaintiff seeks to recover these additional damages he would not have incurred but for Seterus's FCCPA, FDUTPA and RESPA violations stemming from its gross "estimated" fee demands.

## CLASS ACTION ALLEGATIONS

### Florida Class 1

72.     Plaintiff brings this action under Rule 23(b)(2) and (b)(3) of the Federal Rules of

Civil Procedure on behalf of the following class of persons aggrieved by Seterus's FDUTPA

violations ( the "Florida Class 1"), subject to modification after discovery and case development:

> All Florida residents to whom Seterus charged, collected, or attempted to collect "estimated" reinstatement of loan amounts during the applicable statute of limitations.

### Florida Class 2

73.     Additionally, Plaintiff brings this action under Rule 23(b)(2) and (b)(3) of the

Federal Rules of Civil Procedure on behalf of the following class of persons aggrieved by

Seterus's RESPA violations (the "Florida Class 2"), subject to modification after discovery and

case development:

> All Florida residents to whom Seterus responded to a written request for information that included "Estimated" fees and/or "Other Costs" during the applicable statute of limitations.

### Florida Class 3

74.     Additionally, Plaintiff brings this action under Rule 23(b)(2) and (b)(3) of the

Federal Rules of Civil Procedure on behalf of the following class of persons aggrieved by

Seterus's FCCPA violations ("Florida Class 3"), subject to modification after discovery and case

development:

> All Florida residents to whom Seterus charged, collected, or attempted to collect "estimated" reinstatement of loan amounts during the applicable statute of limitations.

75.     Class members are identifiable through Seterus's records and payment databases.

76.     Excluded from the Class is Seterus; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

77.     Plaintiff proposes that he serve as class representative for the Class.

78.     Plaintiff and the Class have all been harmed by the actions of Seterus.

79.     Numerosity is satisfied. There are likely thousands of class members. Individual joinder of these persons is impracticable.

80.     There are questions of law and fact common to Plaintiff and to the Class, including, but not limited to:

a.   Whether Seterus violated RESPA by failing to provide clear and conspicuous information in response to a written request for information;

b.   Whether Seterus violated the FCCPA by charging monies not due;

c.   Whether Seterus violated general provisions of the FDUTPA by charging, and attempting to enforce, respectively, monies not due;

d.   Whether the violations of the FCCPA and RESPA were per se violations of the FDUTPA;

e.   Whether Plaintiff and class members are entitled to actual and/or statutory damages as a result of Seterus's actions;

f.   Whether Plaintiff and the Class are entitled to attorney's fees and costs; and

g.   Whether Seterus should be enjoined from engaging in such conduct in the future.

81.     Plaintiff's claims are typical of the claims of class members.

15

82.    Plaintiff is an adequate representative of the Class because his interests do not

conflict with the interests of the Class, he will fairly and adequately protect the interests of the

Class, and he is represented by counsel skilled and experienced in class actions.

83.    Common questions of law and fact predominate over questions affecting only

individual class members, and a class action is the superior method for fair and efficient

adjudication of this controversy.

84.    The likelihood that individual members of the Class will prosecute separate

actions is remote due to the time and expense necessary to conduct such litigation.

## COUNT I AS TO SETERUS'S VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT §§ 501.203(3), 501.204
### (Florida Class 1)

85.    Plaintiff incorporates by reference paragraphs 34 through 71, as if set forth fully

herein.

86.    Plaintiff is a "consumer" as defined by Fla. Stat. § 501.203(7).

87.    Seterus engaged in "trade or commerce" as defined by *Id.* § 501.203(8) when it

serviced Plaintiff's mortgage for money and attempted to collect debt associated with the

Plaintiff's purchase of a home by mortgage.

88.    Seterus violated § 559.72(9) of the FCCPA when it knowingly attempted to

collect debt not owed associated with mortgage payments.

89.    A violation of Fla. Stat. § 559.72(9) of the FCCPA is a per se violation of

FDUTPA under Fla. Stat. § 501.203(3).

90.    In addition to the above-referenced per se FDUTPA violations, Seterus also

generally violated FDUTPA under Fla. Stat. § 501.204(1) when it engaged in unfair and

deceptive practices in trade or commerce by taking advantage of consumers in claiming and collecting debts for amounts not owed.

91.     As a result of Seterus's FDUTPA violations, Plaintiff suffered substantial damage, including but not limited to financial damage incurred from Seterus's unlawful billing practices.

**COUNT II AS TO SETERUS'S VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT 12 U.S.C. § 2605(k)**
**(Florida Class 2)**

92.     Plaintiff incorporates by reference paragraphs 34 through 71, as if set forth fully herein.

93.     Seterus is a "servicer" because it was responsible for "servicing" the Plaintiff's mortgage loan when it would receive scheduled periodic payments from Plaintiff pursuant to the terms of his mortgage loan and it made payments of principal and interest from those amounts under the terms of the loan. 12 U.S.C. § 2605(i)(3).

94.     Plaintiff's loan is a "federally related mortgage loan" because it is secured by a first or subordinate lien on residential real property designed for the occupancy of one to four families and was made in whole or in part by Amtrust, a lender that had deposits or accounts insured by the FDIC. 12 U.S.C. § 2602(1)(A),(B)(i).

95.     As a servicer of a federally related mortgage loan, Seterus must comply with any regulation implementing the provisions of RESPA. *See* 12 U.S.C. § 2605(k)(1)(E).

96.     Seterus violated § 2605(k)(1)(E) when it failed to provide accurate information to Plaintiff about the amounts owed under his mortgage loan. *See* 12 CFR § 1024.38(b)(1)(iii).

97.     Seterus violated § 2605(k)(1)(E) when it failed to provide information to Plaintiff in a clear and conspicuous manner, as required by 12 CFR § 1024.32(a)(1), by charging for "estimated fees" not owed and "Estimated Other Costs" and demanding Plaintiff pay these fees

to reinstate his loan. *See* 12 CFR § 1024.32(a)("A servicer shall comply with the requirements of this section for any written request for information from a borrower…")

98.     As a result of Seterus's RESPA violation, Plaintiff suffered substantial damage, including but not limited to financial damage incurred because of Seterus's illegal conduct.


### COUNT III AS TO SETERUS'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9) (Florida Class 3)

99.     Plaintiff incorporates by reference paragraphs 34 through 71, as if set forth fully herein.

100.     Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8) when he purchased his home by mortgage.

101.     Seterus is a "person" as stated in the FCCPA.

102.     Seterus knowingly attempted to enforce, claimed, and asserted a known non-existent legal right to a debt as defined by Fla. Stat. § 559.55(6) when Seterus charged $28,695 for "expected" fees that were "required" for reinstatement of the loan to avoid foreclosure. *Id.* § 559.72(9) (prohibiting collection, or attempts at collection, of debts known not to exist and prohibiting the assertion of a legal right known not to exist); cf. *Prescott v. Seterus, Inc.*, No. 15-10038, 2015 WL 7769235, at *2-6 (11th Cir. Dec. 3, 2015) (holding that charging "estimated" attorney's fees not agreed to in the mortgage agreement violated the FCCPA and FDCPA); *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 610 (11th Cir. 2014) (holding that certain fees violate the FDCPA where they are not supported by the language of the consumer agreement underlying the debt at issue); Fla. Stat. § 559.77(5) ("In applying and construing [the FCCPA], due consideration and great weight shall be given to the interpretations of the Federal

Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act.") (emphasis added).

103.    Seterus's act of illegally attempting to collect a debt from Plaintiff and deliberately charging $28,695 for "expected fees" not incurred constitutes a knowing violation of § 559.72(9) of the FCCPA.

104.    As a result of its FCCPA violation, Plaintiff suffered substantial damage, including but not limited to financial damage incurred from Seterus's illegal billing practices.

**JURY DEMAND AND RESERVATION OF PUNITIVE DAMAGES**

105.    Plaintiff is entitled to and respectfully demands a trial by jury on all issues so triable.

106.    Plaintiff reserves the right to amend his Complaint and add a claim for punitive damages.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, himself and on behalf of the Class, respectfully requests this Court to enter judgment against Seterus for all of the following:

a.      That Plaintiff and all class members be awarded actual damages, including but not limited to forgiveness of all amounts not owed;

b.      That Plaintiff and all class members be awarded statutory damages;

c.      That Plaintiff and all class members be awarded costs and attorney's fees;

d.      That the Court enter a judgment permanently enjoining Seterus from charging, collecting, enforcing and/or attempting to enforce debt in violation of the FCCPA and FDUTPA;

e.      That, should the Court permit Seterus to continue charging, collecting, enforcing and/or attempting to enforce debt, it enter a judgment requiring Seterus to adopt

measures to ensure FCCPA, FDUTPA, and RESPA compliance, and that the Court retain jurisdiction for a period of six months to ensure that Seterus complies with those measures;

f.     That the Court enter a judgment awarding any other injunctive relief necessary to ensure Defendant's compliance with the FCCPA and FDUTPA;

g.     That the Court enter an order that Seterus and its agents, or anyone acting on its behalf, are immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

h.     That the Court certify Plaintiff's claims and all other persons similarly situated as class action claims under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure; and

i.     Such other and further relief as the Court may deem just and proper.

Dated: October 31, 2016                           Respectfully Submitted,


                                                  /s/ *James L. Kauffman*
                                                  James L. Kauffman (Fla. Bar No. 12915)
                                                  Bailey & Glasser, LLP
                                                  1054 31st Street, Suite 230
                                                  Washington, DC 20007
                                                  Telephone:  (202) 463-2101
                                                  Facsimile:  (202) 342-2103
                                                  Email: jkauffman@baileyglasser.com

                                                  J. Dennis Card, Jr., (Fla. Bar No. 0487473)
                                                  Darren Newhart (Fla. Bar No. 0115546)
                                                  Consumer Law Organization, P.A.
                                                  2501 Hollywood Boulevard, Suite 100
                                                  Hollywood, Florida 33020
                                                  Telephone: (954) 921-9994
                                                  Facsimile: (305) 574-0132
                                                  DCard@Consumerlaworg.com
                                                  Darren@cloorg.com
                                                  *Counsel for Plaintiff and the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 31, 2016, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent be e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ James L. Kauffman*
James L. Kauffman
