UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-21225-CIV-JLK

GEOFFREY BLAKE, on behalf of
himself and all others similarly situated,

        Plaintiff,

v.

SETERUS, INC.,

        Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant SETERUS, INC.'s Motion to Dismiss (DE 23), filed on October 20, 2016. The Court has considered Plaintiff's Response (DE 30), filed on November 17, 2016, as well as Defendant's Reply thereto (DE 31), filed on December 1, 2016. After careful review, the Court grants dismissal as to Count I of the complaint, and denies dismissal as to Counts II and III.

## BACKGROUND

This putative class action arises from a dispute between a Plaintiff mortgagor and his Defendant loan servicer. The Plaintiff, Geoffrey Blake, executed a promissory note and mortgage for $333,750 in August 2007. DE 26-1 at 2-3. Plaintiff alleges that he defaulted on his loan in October 2010, and foreclosure proceedings were initiated on June 28, 2012. DE 26 at 7. In June 2014, Plaintiff, through his foreclosure attorney, wrote a letter to Defendant inquiring as to the amount of money required to reinstate his loan. *Id.* On June 30, Defendant

1

wrote Plaintiff a response letter stating that the reinstatement loan amount was $92, 938.74 if received by June 30, 2014, or $94,895.49 if received by July 18, 2014. *Id.* at 7-8. Defendant's letter contained an itemized list of charges, including $28,695 in estimated costs for inspections, attorney's fees, broker fees, and "other costs." DE 26-3. On July 10, 2014, Defendant sent Plaintiff a nearly identical letter, the only difference being that the reinstatement amount was decreased to $86,975 if paid by July 17, 2014, and the updated estimated charges decreased to $20,760. *See* DE 26-4.

Plaintiff alleges that Defendant was not authorized to include estimated fees and costs in the reinstatement amount. Accordingly, on March 7, 2016, Plaintiff sent a cure letter to Defendant. When Defendant failed to remove the estimated charges, Plaintiff filed the instant lawsuit. DE 26 at 11.[1]

As to damages, Plaintiff alleges that had Defendant not included estimated fees in the loan reinstatement charges, Plaintiff could have and would have initially paid the full reinstatement amount.[2] Plaintiff additionally seeks damages for the costs and fees he has incurred as a result of litigation, the interest incurred on his loan, the $106,277 increase of his principal balance on the loan, and the emotional distress he has suffered.

With that, Plaintiff's Amended Complaint alleges that by tacking estimated fees onto the reinstatement amount, Defendant knowingly violated the federal Real Estate Settlement Procedures Act (RESPA), the Florida Deceptive and Unfair Trade Practices Act (FDUPTA),

---

[1] On September 13, 2016, the Court dismissed the initial complaint for failure to allege injury in fact. DE 20. Plaintiff has since redressed that issue in his Amended Complaint by setting forth specific allegations of injury.

[2] Although the record is unclear as to when Plaintiff began to pay the reinstatement amount, the Complaint states that Plaintiff has since "continued to make regular payments on his new balance after modification, including payment of estimated costs and fees he does not owe." DE 26 at 13.

and the Florida Consumer Collection Practices Act (FCCPA). Defendant has moved to dismiss the Amended Complaint, asserting that 1) Plaintiff failed to plead that Defendant had the requisite actual knowledge of its FCCPA violation, 2) the state claims are barred by Florida's litigation privilege, and 3) reinstatement letters are not protected by RESPA, or alternatively, the reinstatement letters satisfied RESPA's requirements. The Court has considered the motion and the responses thereto, making this matter fully ripe for this Court's review.

## STANDARD OF REVIEW

Defendant's Motion to Dismiss alleges that the Complaint fails federal pleading standards and should be dismissed, under Rule 12 of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. And, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore

3

specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205-06 (11th Cir. 2007). The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief.

## ANALYSIS

### 1. FDUPTA

Plaintiff first alleges that, by including unincurred estimated fees in the reinstatement letters, Defendant violated the Florida Deceptive and Unfair Trade Practices Act (FDUPTA).

To state a claim under FDUTPA, a plaintiff must allege that a deceptive or unfair practice occurred in the course of trade or commerce. *Benjamin v. CitiMortgage, Inc.*, No. 12-62291-CIV, 2013 WL 1891284, at *4 (S.D. Fla. May 6, 2013) (citing *Rollins, Inc. v. Butland,* 951 So. 2d 860, 869 (Fla. 2d DCA 2006)). FDUPTA defines trade or commerce as "advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. Ann. § 501.203(8) (2016). An FDUPTA claim cannot be asserted against a defendant who is simply collecting a debt. *Williams v. Nationwide Credit, Inc.*, 890 F. Supp. 2d 1319, 1321 (S.D. Fla. 2012) ("Several courts have held that debt collection activities are not "trade or commerce" for FDUTPA purposes.") (citing *State v. Shapiro & Fishman, LLP,* 59 So.3d 353, 355–57 (Fla. 4th DCA 2011); *Law Office of David J. Stern, P.A. v. State,* 83 So.3d 847, 849–50 (Fla. 4th DCA 2011); *Kelly v. Palmer, Reifler & Assocs., P.A.,* 681 F.Supp.2d 1356, 1371–77 (S.D.Fla.2010); *Trent v. Mortgage Electronic Registration Sys., Inc.,* 618 F.Supp.2d 1356, 1365 n. 12 (M.D.Fla.2007)). Courts have thus repeatedly found that "the 'trade and commerce' requirement is often not met in cases dealing with borrowers alleging FDUPTA

4

claims against their mortgage servicers." *Bank of Am., N.A. v. Zaskey*, No. 9:15-CV-81325, 2016 WL 2897410, at *10 (S.D. Fla. May 18, 2016) (quoting *Benjamin*, 2013 WL 1891284, at *4); *see also Williams*, 890 F. Supp. 2d at 1321–22; *Trent*, 618 F. Supp. 2d at 1365; *Acosta v. James A. Gustino, P.A.*, No. 6:11-CV-1266-ORL-31, 2012 WL 4052245, at *1 (M.D. Fla. Sept. 13, 2012).

Defendants argue that Plaintiff's FDUPTA claim must fail because the alleged wrongful act did not occur in the course of trade or commerce. The Court agrees.

Here, the Defendant loan servicer was not engaged in any advertisement or solicitation when it responded to Plaintiff's request for the reinstatement amount. *See, e.g., Williams*, 890 F. Supp. 2d at 1322; *Economakis v. Butler & Hosch, P.A.*, No. 2:13-CV-832-FTM-38DN, 2014 WL 820623, at *3 (M.D. Fla. Mar. 3, 2014) (finding that defendant's reinstatement letter to Plaintiff did not constitute an act of trade or commerce under FDUPTA). Accordingly, Plaintiff has failed to plead that Defendant acted deceptively in the course of trade or commerce, and the FDUPTA claim is dismissed.

## 2. FCCPA

Plaintiff next alleges that Defendant knowingly violated the Florida Consumer Collection Practices Act (FCCPA). The FCCPA prohibits certain abusive consumer debt collection practices. Specifically, the FCCPA forbids any "Claim, attempt, or threat[ ] to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. Ann. § 559.72(9) (2016). However, it is not enough for a Plaintiff to allege that Defendant's actions claimed an illegitimate debt—the Plaintiff must allege that Defendant had *actual knowledge* of its violation. *See Prescott v. Seterus, Inc.*, 635 F. App'x 640, 646 (11th Cir.

2015). Defendant contends that Plaintiff failed to allege facts to support that Defendant had actual knowledge that it violated the Act.

In the instant case, Plaintiff alleges that Defendant "knowingly attempted to enforce, claimed, and asserted a known non-existent legal right to a debt." DE 26 at 18. In support of its allegation that Defendant was aware of its violation, Plaintiff further alleges that it was Defendant's regular practice to include unincurred, estimated costs in the reinstatement amount, despite that the Mortgage Agreement and Servicing Guidelines prohibit the such conduct. *Id.* at 9.

Courts have found factual allegations to be sufficient at the dismissal stage in similar cases where, prior to discovery, Plaintiff could only allege circumstantial facts to demonstrate Defendant's actual knowledge of an FCCPA violation. *See, e.g., Williams v. Educ. Credit Mgmt. Corp.*, 88 F. Supp. 3d 1338, 1347–48 (M.D. Fla. 2015); *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1363 (S.D. Fla. 2000). Therefore, viewing the facts in the light most favorable to the Plaintiff, the Court finds that at this early stage Plaintiff has adequately pled that Defendant knowingly violated the FCCPA.

Defendant further contends that Plaintiff's FCCPA claim is barred by Florida's litigation privilege because the reinstatement letter was issued in connection to Plaintiff's separate foreclosure lawsuit. In Florida, "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). Although the litigation privilege is an affirmative defense, it may be considered on dismissal if the action

6

"occurred during the course of a judicial proceeding *and* had a substantial relation to that proceeding." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1276 (11th Cir. 2004).

Defendants argue that courts have recognized Florida's litigation privilege as a bar in several FCCPA cases. It is true that courts have frequently applied Florida's litigation privilege to an FCCPA claim on dismissal in cases where the defendant claimed privilege over a document that is obviously related to judicial proceedings, such as the complaint filed in a foreclosure lawsuit. *See, e.g., Gaisser v. Portfolio Recovery Assocs., LLC*, 571 F. Supp. 2d 1273 (S.D. Fla. 2008); *Perez v. Bureaus Inv. Grp. No. II, LLC*, No. 1:09-CV-20784, 2009 WL 1973476 (S.D. Fla. July 8, 2009); *Miceli v. Dyck-O'Neal, Inc.*, No. 615CV1186ORL37KRS, 2016 WL 7666167, at *5 (M.D. Fla. Aug. 9, 2016). But whether a reinstatement letter is substantially related to foreclosure proceedings is less clear. *See Echevarria, McCalla, Raymer, Barret & Frappier v. Cole*, 950 So. 2d 380 (Fla. 2007) (Florida Supreme Court holding that Florida's litigation privilege extends to statutory causes of action, but declining to address whether the litigation privilege protected reinstatement letters from FCCPA and FDUPTA claims).

Notably, in a recent case out of the Southern District of Florida, the Court noted that whether "the conduct in question is inherently related to, and occur[ed] during an ongoing judicial proceeding . . . in the context of [a reinstatement letter] appears to be a factual issue more appropriate for summary judgment or trial." *Sandoval*, 2017 WL 244111, at *5. Accordingly, the Court finds that consideration of the litigation privilege is premature at this time, and dismissal as to the FCCPA claim is denied.

7

### 3. RESPA

Plaintiff additionally alleges that the inclusion of estimated costs in the reinstatement letters constitute a violation of the federal Real Estate Settlement Procedures Act (RESPA). RESPA is a federal statute that requires mortgage services to make certain disclosures to borrowers. *See* 12 USC § 2605 (2017). With respect to the form of these disclosures, RESPA provides that these disclosures must be "clear and conspicuous, in writing, and in a form that a recipient may keep." 12 C.F.R. § 1024.32 (a)(1) (2017).

Defendant first contends that the RESPA claim should be dismissed because reinstatement letters are not a required disclosure under the Act. In support of its argument to dismiss the RESPA claim, Defendant directs this Court to the Southern District's aforementioned decision in *Sandoval*. Contrary to Defendant's position, however, the Court in *Sandoval* found that "counsel's alleged written request for reinstatement figures constitutes a qualified written request that falls within the scope of RESPA." *Sandoval*, 2017 WL 244111, at *4. Therefore, the Court is unpersuaded by Defendant's contention that reinstatement letters are not subject to RESPA's requirements.

The Court likewise rejects Defendant's alternative argument, that the reinstatement letters met RESPA's "clear and conspicuous" requirement. Defendant relies upon *Sandoval* and *Prescott* to assert that its reinstatement letters were sufficiently "clear and conspicuous" because the letters clearly delineated the estimated costs from costs already incurred. *See Sandoval*, 2017 WL 244111, at *4; *cf. Prescott*, 635 F. App'x at 645 (reasoning in the context of the Fair Debt Collections Practices Act that "Seterus clearly separated the estimated fees from those already incurred and conspicuously marked those charges as

'estimated.' . . . So it is clear that Seterus did not falsely misrepresent the character of those fees . . . .").

However, the cases Defendant relies upon are distinguishable from the instant matter. Specifically, the estimated costs delineated in the *Sandoval* and *Prescott* reinstatement letters attributed each estimated cost to a specific expense, such as estimated attorney's fees or property inspection fees. Here, in addition to itemizing amounts for estimated attorney, broker, and property inspection fees, Defendant's letters included amounts simply labeled "other estimated costs," without any further explanation.[3] Given the distinction between the reinstatement letter in the instant case and those in the cases relied upon by Defendant, the Court finds that, viewing the facts in the light most favorable to the Plaintiff, Defendant's Motion to Dismiss on the RESPA claim must be denied.

## CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Motion to Dismiss the Amended Complaint **(DE 23)** be, and the same is, hereby **GRANTED without prejudice** as to Count I (the FDUPTA claim) and **DENIED** as to Counts II and III (the RESPA and FCCPA claims). Should he elect to do so, Plaintiff shall file an Amended Complaint within **twenty (20) days** of the date of this Order.

It is further **ORDERED, ADJUDGED,** and **DECREED** that the hearing previously set for this matter on February 15, 2017 at 11:00 am be, and the same is, hereby **CANCELED.**

---

[3] Defendant's first reinstatement letter to Plaintiff attributed $7800 to "other estimated costs." DE 26-3. The subsequent reinstatement letter decreased the amount of "other estimated costs" to $5200. DE 26-4.

9

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 9th day of February, 2017.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:   **All Counsel of Record**