*EXHIBIT 2*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

GEOFFREY BLAKE, on behalf of          Case No.: 16-21225-CIV-KING
himself and all others similarly situated,

       Plaintiff,

v.

SETERUS, INC.,

       Defendant.

---

### STIPULATION AND SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED AND AGREED, by, between, and among named

Plaintiff Geoffrey Blake ("Plaintiff"), on behalf of himself and all Settlement Class Members as

defined herein, Defendant Seterus, Inc. ("Seterus"), that the lawsuit captioned *Geoffrey Blake v.*

*Seterus, Inc.*, No. 16-21225-CIV-KING, in the United States District Court for the Southern

District of Florida (the "Litigation"), and the matters raised in, or which could have been raised

in, the Litigation, are settled, compromised, and dismissed on the merits and with prejudice on

the terms and conditions set forth in this Settlement Agreement and the Release set forth herein,

subject to the approval of the Court.

**1.  RECITALS**

1.1  On or around August 3, 2007, Plaintiff purchased a home in Orlando, Florida

through a loan from Amtrust Bank, secured by a mortgage on the property. Plaintiff made

payments on his loan for some period of time but fell behind on his loan in or around  October

2010. Amtrust Bank assigned its mortgage to Fannie Mae, and Seterus became the servicer of the

loan while it was alleged to be in default.

1

1.2     On June 28, 2012, Popkin & Rosaler, P.A., on behalf of Fannie Mae, filed a complaint in the Ninth Judicial Circuit for Orange County to initiate a foreclosure. Shortly thereafter, Plaintiff, through his attorney, sent a letter to Seterus and requested the amount he must pay to reinstate his loan.

1.3     Thereafter, Seterus sent Plaintiff multiple reinstatement quote letters, including letters in June and July 2014. The reinstatement quote letters included amounts for "estimated" fees.=

1.4     On April 6, 2016, Plaintiff filed the instant putative class action complaint (the "Complaint") against Seterus.

1.5     The Complaint alleges that the reinstatement quote letters were improper because they demanded that Plaintiff pay "estimated" costs and fees to reinstate his loan. As a result, Plaintiff contends that the reinstatement quote letters breached his Note and Mortgage and violated the Real Estate Settlement Procedures Act ("RESPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Plaintiff seeks certifications of two Florida-specific classes in connection with his FCCPA and RESPA claims against Seterus.

1.6     On May 27, 2016 Seterus filed a motion to dismiss the Complaint. [Docket No. 11]. The Parties fully briefed the motion.

1.7     On September 13, 2016, the Court granted the motion to dismiss and allowed Plaintiff leave to amend the Complaint. [Docket No. 20].

1.8     On October 3, 2016 Plaintiff filed an Amended Complaint. [Docket No. 21].

1.9     On October 20, 2016 Seterus filed a motion to dismiss the Amended Complaint. The Parties fully briefed the motion. [Docket No. 23].

1.10    On February 9, 2017, the motion to dismiss was granted as to Count I (the

FDUTPA claim) and denied as to Counts II and III (the RESPA and FCCPA claims). [Docket No.

40]. On March 15, 2017, Seterus answered the Amended Complaint; Seterus's answer denies

Plaintiff's material allegations and denies that Plaintiff is entitled to any of the relief he seeks.

1.11    The parties agreed to mediate with Rodney A. Max with Upchurch Watson White

& Max on July 18, 2017.  The parties attended an all-day mediation session with Mr. Max in

Miami, FL on July 18, 2017, but did not settle their dispute at that time. In the following months,

the parties exchanged informal discovery and continued the mediation on November 3, 2017 with

Rodney A. Max. [Docket No. 52].  After the second all-day mediation session with Mr. Max, the

parties reached this settlement agreement.

1.12    Class Counsel has concluded that it is in the best interests of the Class as a whole

that the claims asserted in the Litigation be resolved on the terms and conditions set forth in this

Agreement. Class Counsel has reached that conclusion after extensive consideration and analysis

of the factual and legal issues presented in the Litigation, the substantial benefits that Settlement

Class Members will receive as a result of this Settlement, the risks and uncertainties of continued

litigation, including any motion for class certification, the expense that would be necessary to

prosecute the Litigation through trial and any appeals that might be taken, and the likelihood of

success at trial.

1.13    Seterus denies each and every allegation of liability, wrongdoing, and damages,

and has factual and legal defenses to all claims and allegations in the Litigation. Seterus maintains

and continues to maintain that it has acted in accordance with applicable agreements and

governing law. Nonetheless, Seterus has concluded that because the continuation of the Litigation

would be protracted and expensive, it is desirable that the Litigation be fully and finally settled on

a class-wide basis in the manner and upon the terms set forth in this Agreement.

1.14    Without admitting any liability or wrongdoing whatsoever, Seterus agrees to the terms of this Agreement, provided that all Released Claims are settled, compromised and released, in order to resolve all issues relating to the subject matter of the Litigation.

## 2.    DEFINITIONS

As used herein, the following terms have the meanings set forth below.

2.1.    "Administrator" or "Settlement Administrator" means a third-party agent or administrator selected by the Plaintiff and approved by Seterus (which approval shall not be unreasonably withheld) to help implement and effectuate the terms of this Settlement Agreement.

2.2.    "Agreement" or "Settlement Agreement" means this Stipulation and Settlement Agreement.

2.3.    "Attorneys' Fees and Expenses" means such funds as may be awarded to Class Counsel to compensate them for their fees and all expenses incurred by Named Plaintiff or Class Counsel in connection with the Litigation.

2.4.    "Case Contribution Award" means compensation for the Named Plaintiff in the Litigation for his time and effort undertaken in the Litigation.

2.5.    "Seterus" means Seterus, Inc. and and each of its respective past or present divisions, parents, agents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), any direct or indirect subsidiary of Seterus, and each of Seterus's past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

2.6.    "Seterus Defense Counsel" means Seterus's counsel of record in the Litigation.

4

2.7.    "Class Counsel" means the law firms of Bailey & Glasser LLP, and Consumer Law Organization.

2.8.    "Class Notice" or "Notice" means the program of notice described in Section 7 of this Agreement to be provided to Settlement Class Members, including the Mail Notice and Internet site, which will notify Settlement Class Members about, among other things, their rights to opt out and object to the Settlement, the amount of their Settlement Payment, the preliminary approval of the Settlement, and the scheduling of the Final Approval Hearing.

2.9.    The "Class Notice Date" shall be the last date upon which Class Notice can be disseminated.

2.10.    "Class Period" means the period of time from April 1, 2013 through the date of the Preliminary Approval of this Settlement.

2.11.    "Class Settlement Relief" means the relief, including Settlement Payments, that will be made to Settlement Class Members pursuant to this Settlement Agreement.

2.12.    "Court" means the United States District Court for the Southern District of Florida.

2.13.    "Days" means calendar days, except that, when computing any period of time prescribed or allowed by this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time prescribed or allowed by this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a federal legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or federal legal holiday. All calculations of days and times shall be adjusted to permit compliance by Seterus with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715, including the notifications of appropriate regulators under 28 U.S.C. § 1715(b) and expiration of the 90-day review period in 28 U.S.C. §

1715 before the Final Approval Hearing is held in the Litigation to review and approve the Settlement.

2.14.   "Defendant" means the Defendant in the Litigation, Seterus.

2.15.   The term "Escrow Account" shall mean and refer to the interest-bearing escrow account for the creation of the Settlement Fund, in which the funds to be deposited will be held, invested, administered, and disbursed in accordance with the Settlement Agreement and an escrow agreement agreed upon by the Parties. The Escrow Account shall be a qualified settlement fund within the meaning of Internal Revenue Code, and shall be established with a financial institution jointly selected by the Parties.

2.16.   The term "Escrow Agent" shall mean and refer to the escrow agent for the Escrow Account, as agreed upon by the Settling Parties, which can be the Settlement Administrator.

2.17.   "Final" with respect to the Judgment, any award of Attorneys' Fees and Expenses, or any Case Contribution Award means that the time for appeal or writ review has expired or, if an appeal or petition for review is taken and dismissed or the Settlement (or award of Attorneys' Fees and Expenses) is affirmed, the time in which any further petition for hearing, appeal, or writ of certiorari can be taken has expired.  If the Judgment is set aside, materially modified, or overturned by the Court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not become Final.

2.18.   "Final Approval" means the entry of the Judgment approving the Settlement after the Final Approval Hearing is conducted.

2.19.   "Final Approval Hearing" means the hearing held by the Court to determine whether the terms of this Agreement are fair, reasonable, and adequate for the Settlement Class as a whole, whether the Settlement should be granted final approval, and whether the Judgment should be entered.

2.20.   "Final Settlement Date" means the date on which the Judgment in this case becomes Final (as defined in Paragraph 2.17).   If no appeal has been taken from the Judgment, the Final Settlement Date means the date on which the time to appeal has expired.   If any appeal has been taken from the Judgment, the Final Settlement Date means the date on which all appeals, including petitions for rehearing, petitions for rehearing *en banc*, and petitions for certiorari or any other form of review, have been finally disposed of in a manner that affirms the Judgment.

2.21.   "Judgment" means the final Order and Judgment to be entered by the Court pursuant to the Settlement.

2.22.   "Litigation" means the action captioned *Geoffrey Blake v. Seterus, Inc.,* No. 16-21225-CIV-KING, pending before the Honorable James L. King in the U.S. District Court for the Southern District of Florida.

2.23.   "Mail Notice" means the notice that is mailed by the Settlement Administrator to Settlement Class Members, and/or as ultimately approved by the Court.   Mail Notice shall be mailed not less than 90 days before the date set by the Court for the Final Approval Hearing.

2.24.   "Named Plaintiff" or "Plaintiff" means Geoffrey Blake.

2.25.    "Net Settlement Fund" means the Settlement Fund less Notice and Administrative Costs, Case Contribution Award, and Attorneys' Fees and Expenses.

2.26.   "Notice and Administrative Costs" means the reasonable and authorized costs and expenses of disseminating and publishing the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including, but not limited to, any costs and expenses associated with assisting Settlement Class Members, administering the Settlement Fund, and issuing and mailing Settlement Payments.

7

2.27.   "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement in accordance with Section 14 of this Agreement to be able to object to the Settlement.  The Objection Deadline shall be 45 days after the Class Notice Date.

2.28.   "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with Class Counsel (or the Settlement Administrator) in accordance with Section 13 of this Agreement in order for a Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall be 45 days after the Class Notice Date.

2.29.   "Parties" means Named Plaintiff and Seterus.

2.30.    "Preliminary Approval Order" means an Order of the Court, substantially in the form attached hereto as Exhibit "A", providing for, among other things, preliminary approval of the Settlement as fair, reasonable, and adequate; preliminary certification of the Settlement Class for settlement purposes only; dissemination of the Class Notice to the Settlement Class; and finding that the proposed Class Notice is reasonably calculated to apprise the Settlement Class Members of the pendency of the Litigation, the material terms of the proposed Settlement, and the Settlement Class Members' options and rights with respect thereto.

2.31.   "Preliminary Approval Application" means Named Plaintiff's motion for the Court to preliminarily approve the Settlement and to enter the Preliminary Approval Order, including all exhibits and documents attached thereto. Named Plaintiff's Preliminary Approval Application shall be filed within 30 days of the Parties' execution of this Agreement.

2.32.   "Protective Order" means the stipulated confidentiality agreement and order governing the exchange of confidential information entered June 12, 2017, Docket No. 51.

8

2.33.   "Reinstatement Quote" or "Reinstatement Quote Letter" means any letter or corresdponence from Seterus to a Settlement Class Member during the Class Period in which Seterus informed the Settlement Class Member of the amount he or she needed to pay in order to reinstate his or her loan, *i.e.*, to cure the default on the loan and to bring the loan current.

2.34.   "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons, as provided for in Section 12 of the Settlement Agreement.

2.35.   "Released Claims" means all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, defenses, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, demands, and any other forms of liability released pursuant to Section 12 of the Settlement Agreement.

2.36.   "Released Persons" means:  (a) Seterus and each of its respective past or present divisions, parents, agents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), any direct or indirect subsidiary of Seterus, and each of Seterus's past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities; (b) any other parties who acted on behalf of Seterus or any of their respective past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), with respect to the matters addressed below in Section 12 (Releases), and (c) any trustee or investor of a mortgage

securitization trust, including Fannie Mae, which included loans made to any Settlement Class Member.

2.37.   "Releasing Persons" means Named Plaintiff, all Settlement Class Members who do not properly and timely opt out of the Settlement, and their respective heirs, administrators, successors, and assigns.

2.38.   "Request for Exclusion" means a written request from a Settlement Class Member that seeks to exclude the Settlement Class Member from the Settlement Class and that complies with all requirements in Section 13 of this Agreement.

2.39.   "Settlement" or "Stipulation of Settlement" means the settlement set forth in this Agreement.

2.40.   "Settlement Class" or "Class" means all borrowers who, according to regularly kept and readily accessible data and other electronic records of Seterus, requested or received, either directly or indirectly through an agent, attorney, or other person or entity acting or purporting to act on the borrower's behalf, a Reinstatement Quote containing amounts labeled as "estimated," "anticipated," or "forecasted" fees concerning a mortgage loan from Defendant at any time during the Class Period, and who appear on the Settlement Class List, as that term is defined below. Defendant estimates that the Settlement Class includes 6,869 mortgage loans. Within fourteen (14) days of the Preliminary Approval Date, Seterus shall prepare and provide a list ("Settlement Class List") identifying the Class Members by name and last known address to the Settlement Administrator and Class Counsel. The Settlement Class List, as well as the information on the List, shall be obtained from Seterus's regularly kept and readily accessible electronic records and such other records, if any, as Seterus may select. The Parties agree that this Settlement Agreement was based on the assumption that the total number of Class Members would include approximately 6,869 members.  Plaintiff shall have the right to void this Settlement

10

Agreement if the Class Member List contains greater than 7,212 Class Members, *provided that* Seterus shall have the right, but no obligation whatsoever, to provide additional consideration of $76.25 for each class member if the Class Member List contains more than 7,212 Class Members, in which case this Settlement Agreement shall remain binding and in full force and effect. Likewise, Seterus shall have the right to void this Settlement Agreement if the Class Member List contains fewer than 6,525 Class Members, provided that Plaintiff shall have the right, but no obligation, to reduce the Settlement Fund by $76.25 for each Class Member below 6,525 should the Plaintiff desire to maintain the Settlement Agreement, in which case this Settlement Agreement shall remain binding and in full force and effect.

2.41.   "Settlement Class List" means the list of individuals who are members of the Settlement Class, along with their last known addresses. The Settlement Class List shall be treated as confidential information under the Protective Order.

2.42.   "Settlement Class Member" means a member of the Settlement Class. When more than one person was obligated on a single Mortgage Loan potentially qualifying them for relief under this Agreement, those persons collectively are and shall be treated as only one Class Member. In those cases where a Class Member had two or more Mortgage Loans potentially qualifying the Class Member for relief under this Agreement, the Class Member shall be treated as a separate Class Member as to each such Loan, unless such loans were taken out by the Class Member as part of the same mortgage transaction. In that event, the Class Member shall be treated as a single Class Member as to the subject Loans.

2.43.   "Settlement Fund" means the $523,761.25 in total settlement funds that Seterus has agreed to deposit into the Escrow Account to settle this Litigation, together with all interest earned or accrued thereon from the date of such deposit onward.

2.44.   "Settlement Payment" means the monetary settlement relief that each Settlement Class Member shall receive under this Settlement Agreement.

2.45.   "Settlement Website" means the Internet site created by the Settlement Administrator pursuant to this Agreement to provide information about the Settlement, which shall have the Uniform Resource Locator of BlakeSettlementInfo.com.

2.46.   "Settling Parties" means, collectively, Seterus, Named Plaintiff, all Settlement Class Members, and all Releasing Persons.

2.47.   "Taxes" means (1) any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) arising in any jurisdiction, if any, (a) with respect to the income or gains earned by or in respect of the Escrow Account including, without limitation, any taxes that may be imposed upon Named Plaintiff or Defendant with respect to any income or gains earned by or in respect of an Escrow Account for any period while it is held by the Escrow Agent during which the Escrow Account does not qualify as a "qualified settlement fund" for federal or state income tax purposes, or (b) with respect to the income or gains earned by or in respect of any of the Escrow Account, or by way of withholding as required by applicable law on any distribution by the Escrow Agent of any portion of the Escrow Account to the Settlement Administrator, Settlement Class Members, or other persons entitled to such distributions pursuant to this Settlement Agreement, and (2) any and all expenses, liabilities, and costs incurred in connection with the taxation of the Escrow Account (including without limitation expenses of tax attorneys and accountants, if any).

## 3.   CONDITIONS AND OBLIGATIONS RELATING TO THE EFFECTIVENESS OF THE SETTLEMENT

3.1.   This Settlement Agreement is expressly contingent upon the satisfaction, in full, of the material conditions set forth below.

3.2.    Entry of Protective Order.  The Stipulated Protective Order entered June 12, 2017, Docket No. 51, shall govern the exchange of any confidential information, including the Settlement Class List.

3.3.    Condition No. 1:  District Court Approval.  The Settlement must be approved by the Court in accordance with the following steps:

3.3.1. Application for Preliminary Approval of Proposed Settlement, Class Certification, and Class Notice.  After good faith consultation with counsel for Defendant including the opportunity for Defendant to review the submission, Class Counsel will present a Preliminary Approval Application to the Court by within 30 days of execution of this Agreement. The Preliminary Approval Application shall include a proposed Class Notice and a proposed Preliminary Approval Order in substantially the form as attached hereto as Exhibit "A". The Settling Parties shall, in good faith, take reasonable steps to secure expeditious entry by the Court of the Preliminary Approval Order and shall request that the Court schedule a Final Approval Hearing no earlier than 90 days after the service of the required Notices under 28 U.S.C. § 1715.

3.3.2. Settlement Class Certification.  In connection with the proceedings on Preliminary and Final Approval of the proposed Settlement, Named Plaintiff shall seek orders (preliminary and final, respectively) certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only.

3.3.3. Entry of Preliminary Approval Order. The Court shall enter a Preliminary Approval Order, which shall, among other things:

a.    Certify for purposes of a settlement a Settlement Class, approving Named Plaintiff as the class representative and appointing Class Counsel as Counsel to the Settlement Class, pursuant to Fed. R. Civ. P. 23;

13

        b.        Preliminarily approve the Settlement as fair, reasonable and adequate;

        c.        Order the issuance of Class Notice to the Settlement Class and determine that such Notice complies with all legal requirements, including, but not limited to, the Due Process Clause of the United States Constitution;

        d.        Schedule a date and time for a Final Approval Hearing to determine whether the Settlement Agreement should be finally approved by the Court;

        e.        Require Settlement Class Members who wish to exclude themselves to submit an appropriate and timely written request for exclusion by the Opt-Out Deadline, as directed in the Settlement Agreement and Class Notice, and advise that a failure to do so shall bind those Settlement Class Members who remain in the Settlement Class;

        f.        Require Settlement Class Members who wish to object to the Settlement Agreement to submit an appropriate and timely written objection by the Objection Deadline, as directed in the Settlement Agreement and Class Notice, and advise that a failure to do so shall prevent those Settlement Class Members from objecting thereafter;

        g.        Require attorneys representing any Settlement Class Member, at that Class Member's expense, to file a notice of appearance;

        h.        Require Settlement Class Members who wish to appear at the Final Approving Hearing to object to the Settlement Agreement to file with the Court a Notice of Intention to Appear;

        i.        Authorize the Settling Parties to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement; and

        j.        Issue related orders to effectuate the preliminary approval of the Settlement Agreement.

3.3.4. <u>Issuance of Class Notice</u>.  Pursuant to the Preliminary Approval Order to be entered by the Court, Class Counsel (or the Settlement Administrator) shall cause the Class Notice to be issued in accordance with Section 7 below.

3.3.5. <u>Final Approval Hearing</u>.  In connection with the Preliminary Approval Application, the Parties shall request that the Court schedule and conduct a hearing after dissemination of Class Notice, at which it will consider whether the Settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, Named Plaintiff, after good faith consultation with counsel for Defendant, including the opportunity for Defendant to review the submission, shall request that, at or after the Final Approval Hearing, the Court: (i) enter the final Judgment, granting Final Approval of the Settlement and dismissing with prejudice this Litigation; (ii) determine the legal fees and expenses, if any, that should be awarded to Class Counsel as contemplated in the Settlement Agreement; and (iii) determine the Case Contribution Award, if any, that should be awarded as contemplated by the Settlement Agreement. Any application for Attorneys' Fees and Expenses shall be made at least fifteen (15) days prior to the Objection Deadline.  The Settling Parties agree to support entry of final Judgment pursuant to the terms of this Settlement Agreement.  The Settling Parties will reasonably cooperate with one another in seeking entry of the final Judgment.

3.3.6. <u>Condition No. 2:  Finality of Judgment</u>. The Court shall enter a final Judgment. The final Judgment must be Final in accordance with Paragraph 2.17 above, and shall, among other things:

a.      Find that (1) the Court has personal jurisdiction over all Settlement Class Members; (2) the Court has subject matter jurisdiction over the claims asserted in this Litigation; and (3) venue is proper;

15

b.      Finally approve the Settlement Agreement, pursuant to Fed. R. Civ. P. 23, as fair, reasonable, and adequate;

c.      Finally certify the Settlement Class for settlement purposes only;

d.      Find that the form and means of disseminating the Class Notice complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

e.      Enter final Judgment with respect to the claims of all Settlement Class Members and dismiss the claims of all Settlement Class Members and the Litigation with prejudice;

f.      Make the Releases in Section 12 of the Settlement Agreement effective as of the date of the final Judgment;

g.      Permanently bar and enjoin Named Plaintiff and all Settlement Class Members who have not opted out from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action based on or relating to any of the Released Claims or the facts and circumstances relating thereto;

h.      Permanently bar and enjoin Named Plaintiff and all Settlement Class members who have not opted out from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto;

i.      Find that, by operation of the entry of the Judgment, Named Plaintiff and all Settlement Class Members shall be deemed to have forever released, relinquished, and discharged the Released Persons from any and all Released Claims, including all claims

16

arising out of, relating to, or in connection with the initiation, settlement, prosecution, or dismissal of the Litigation;

     j.  Authorize the Settling Parties to implement the terms of the Settlement Agreement;

     k.  Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the final Judgment, and for any other necessary purpose; and

     l.  Issue related orders to effectuate the Final Approval of the Settlement Agreement and its implementation.

## 4. CLASS SETTLEMENT RELIEF

4.1. In consideration for the Releases set forth in Section 12, Defendant shall provide the following relief:

4.2. <u>Audit Of Reinstated Loans.</u>

   4.2.1. Within 30 days of the Final Settlement Date, Seterus shall make good-faith, commercially reasonable efforts to perform a financial reconciliation for each reinstated loan of each Settlement Class Member who did not previously have such an audit performed on his or her loan after reinstatement within  180 days from the Final Settlement Date.

   4.2.2. The financial reconciliation shall determine whether any reinstatement payment by the Settlement Class Member included any fees or charges not actually incurred by (or on behalf of) Seterus (the "Estimated Amounts") and, if so, whether the Settlement Class Member was previously reimbursed for the payment of the Estimated Amounts. To the extent the reinstatement payment included any Estimated Amounts that have not yet been reimbursed, Seterus shall independently reimburse those Settlement Class Members for such Estimated Amounts.  Further, the financial reconciliation shall determine, in the case of a Settlement Class

Member who modified his or her mortgage loan following receipt of a Reinstatement Quote, whether the modified loan amount included any Estimated Amounts and, if so, whether the modified loan amount was subsequently credited for the Estimated Amounts.  To the extent the modified loan amount included such Estimated Amounts that have not yet been credited, Seterus shall reconcile the applicable loans so that any such Estimated Amounts are credited.

     4.3.    <u>Settlement Monetary Consideration</u>.

     4.3.1.   As described in Paragraph 4.3.4 below, Defendant shall pay $523,761.25 into an Escrow Account that shall comprise the Settlement Fund. This is an "all-in" settlement payment (see Section. 4.3.7, below).

     4.3.2.   The Settlement Administrator shall administer the Settlement Fund pursuant to an agreement acceptable to the Settling Parties.

     4.3.3.   Except as provided herein, no money in the Settlement Fund shall be used or disbursed prior to the Final Settlement Date.

     4.3.4.   Within 15 calendar days of Preliminary Approval of this Settlement, Seterus shall wire a total of $10,000 U.S. dollars, which shall be included as part of the Settlement Fund, into an interest-bearing escrow account designated by the Settlement Administrator to be used for upfront notice costs. Any interest that accrues on the Settlement Fund following deposit into the escrow account but before the Settlement Fund is distributed shall be retained by the Settlement Fund. Seterus shall wire the remaining $513,761.25 within 15 days of Final Approval.

     4.3.5.   The Settlement Administrator will distribute the Settlement Fund as set forth in Section 6.

     4.3.6.   All costs, expenses, fees, relief, and/or any payments of any kind in connection with or associated with this Settlement shall be paid from the Settlement Fund, including, but not limited to: (a) all Notice and Administrative Costs, including the cost of Notice

18

and payments to the Settlement Administrator; (b) all payments to Settlement Class Members; (c) all Case Contribution Awards; and (d) all Attorneys' Fees and Expenses.

4.3.7.   The Settlement Fund is the maximum amount that Defendant will have to pay under this Settlement. The payments described in this Section shall exhaust and fully satisfy any and all payment obligations of Defendant under this Settlement Agreement, and shall extinguish entirely any further obligation, responsibility, or liability to pay any additional expenses, costs, sums, taxes, or payments of any kind to the Escrow Account, the Named Plaintiff, the Settlement Class Members, or to any of their respective counsel, experts, advisors, agents, and representatives—all of whom shall look solely to the Settlement Fund for settlement and satisfaction of all claims released in this Settlement Agreement.  If Defendant is obligated, ordered, or otherwise required to make any additional payments in connection with this Settlement, Defendant shall have the right, to be exercised in its sole and unilateral discretion, to terminate this Agreement without penalty or sanction.

4.3.8.   No portion of the Settlement Fund shall revert to Defendant at any time except under the circumstances set forth in Paragraph 4.3.9 below.

4.3.9.   If for any reason the final Judgment does not become Final within the meaning of Paragraph 2.17 (*i.e.*, the Final Settlement Date does not occur), the Settlement Administrator shall return the entire amount of the Settlement Fund to Seterus within 10 days after the occurrence of the condition or event that prevents the final Judgment from becoming Final.

4.4.   <u>Reinstatement Quote Correspondence</u>.

4.4.1   The Settling Parties recognize that after a Reinstatement Quote is provided on behalf of Seterus, Seterus may incur additional fees and costs as a result of the borrower defaulting on the loan prior to reinstatement and, thus, additional amounts owed by the borrower

may become due. The Settling Parties agree that if the borrower's reinstatement payment does not contain such fees and costs incurred by Seterus and they have not been included in the Reinstatement Quote, Seterus is under no obligation to forego those fees and costs, and Seterus may bill or charge them to the borrower's account. In addition, the Settling Parties also agree that any Reinstatement Quote may include an estimate of fees and costs that Seterus expects to incur after the Reinstatement Quote is issued, provided that Seterus clearly discloses in the Reinstatement Quote that the borrower does not have to pay any estimated fees or costs in order to reinstate the loan.  Settling Parties agree that these practices comply with RESPA and the FCCPA, and do not violate any state or federal debt collection practice law or any other law.

5.      **RETENTION OF SETTLEMENT ADMINISTRATOR AND COSTS.**

      5.1.      All Notice and Administrative Costs will be paid from the Settlement Fund.

      5.2.      The Parties shall, as per Section 2.1, agree upon a Settlement Administrator to administer the Settlement. The Settlement Administrator shall administer the Settlement in a cost effective and timely manner. Without limiting any of its other obligations as stated herein, the Settlement Administrator shall be responsible for the implementation and effectuation of Class Notice, overseeing the Escrow Account containing the Settlement Fund, receiving and maintaining on behalf of the Court any correspondence regarding requests for exclusion and/or objections to the settlement, forwarding written inquiries to Class Counsel for a response, if warranted, administering Class Settlement Relief, and providing all other related support, reporting, and administration as further stated in this Agreement.  The Parties may direct the Settlement Administrator to assist with various additional administrative tasks in implementing the Settlement as the Parties shall deem appropriate in their sole discretion.

      5.3.      The Parties will coordinate with the Settlement Administrator to provide Mail Notice to the Settlement Class, as provided in this Settlement Agreement.  Because the

information about Settlement Class Members that will be provided to the Settlement

Administrator will consist of confidential information, non-public personal information, and other

information protected by privacy laws, the Settlement Administrator will execute a non-

disclosure agreement and will take all reasonable steps to ensure that any information provided to

it by Defendant will be used solely for the purpose of effecting this Settlement.  Except for the

Settlement Class List, any confidential information provided to the Settlement Administrator will

not be provided to Named Plaintiff or Class Counsel. The Settlement Administrator shall

administer the Settlement in accordance with the terms of this Settlement Agreement and, without

limiting the foregoing, shall treat any and all documents, communications, and other information

and materials received in connection with the administration of the Settlement as confidential and

shall not disclose any or all such documents, communications, or other information to any person

or entity except as provided for in this Settlement Agreement or by court order.

 5.4. Defendant is not and will not be obligated to compute, estimate, or pay any Taxes

on behalf of Named Plaintiff, any Settlement Class Member, Class Counsel, and/or the Settlement

Administrator.

## 6. DISTRIBUTION OF SETTLEMENT FUND

 6.1. Within 14 days after Preliminary Approval of the Settlement, Seterus shall provide

to the Settlement Administrator the Settlement Class List in electronic format, which shall consist

of all Settlement Class Members.  The Class List shall include the following data fields:

Settlement Class Member's name; (b) last four digits of loan number; (c) property address; and

(d) last known residence address.

 6.2. At least fifteen (15) days prior to the hearing on Final Approval, the Settlement

Administrator shall prepare and disseminate to counsel an initial list that shall identify each

Settlement Class Member; the anticipated Settlement Payment for each Settlement Class Member;

the deliverable address for each Settlement Class Member; and any Settlement Class Members who have opted out of the Settlement Class.

6.3.    Within 10 days following the Final Settlement Date, the Settlement Administrator shall prepare and disseminate to counsel a final list that identifies each Settlement Class Member; the Settlement Payment for each Settlement Class Member; the deliverable address for each Settlement Class Member; and any Settlement Class Members who have opted out of the Settlement Class.

6.4.    Notice and Administrative Costs shall be paid from the Settlement Fund as incurred prior to the Final Settlement Date, provided that counsel for all Settling Parties approves of such disbursements.

6.5.    Within 15 days after the Final Settlement Date, the Settlement Administrator shall distribute the Settlement Fund by: (a) paying any Court-approved Case Contribution Award to the Named Plaintiff; and (b) paying any Attorneys' Fees and Expenses to Class Counsel in an amount approved by the Court with attorney's fees not to exceed one third (1/3) of the Settlement Fund.

6.6.    Within 15 days after the Final Settlement Date, the Settlement Administrator shall allocate the Net Settlement Fund on a per capita basis to Settlement Class Members (excluding Settlement Class Members who opt out of the Settlement). The Settlement Administrator shall pay all Settlement Class Members by check. Checks shall be valid for 60 days and then shall automatically expire.  Any checks which are returned as undeliverable or which are not cashed within 60 days shall be voided and the money returned to the Settlement Fund.

6.7.    If there is any amount of the Settlement Fund that remains undistributed following the allocation of the Net Settlement Fund to Settlement Class Members, the Settlement Administrator shall pay that amount as a *cy pres* distribution to Florida Legal Services, a

501(c)(3) charitable organization that the Settling Parties have collectively selected (or to any other similar entity approved by the Court), within 60 days after the last void date of the checks.

## 7.     NOTICE TO THE CLASS

7.1.    <u>Mail Notice</u>.  Subject to the requirements of the Preliminary Approval Order, the Settlement Administrator shall distribute a Mail Notice, by first-class mail, to each member of the Settlement Class, based upon the last known mailing address in Seterus's electronic records.

7.2.    <u>Timing</u>. Mail Notice shall be mailed by first-class mail by the Settlement Administrator no later than 21 days after the entry of the Preliminary Approval Order and at least 90 days before the date set by the Court for a Final Approval Hearing regarding the Settlement.

7.3.    <u>Address</u>.  The Class Notice shall be sent to each Settlement Class Member at his or her last known address, based upon information in Seterus's regularly kept and readily accessible records.

7.4.    <u>Undeliverable Notice</u>.  In those instances where the Class Notice is returned as undeliverable, the Settlement Administrator shall utilize the National Change of Address database (the "NCOA") in an attempt to obtain better addresses for such returned Notices. Should the NCOA show a more current address, the Settlement Administrator shall post the returned Mail Notice to the more current address.

7.5.    <u>Content</u>.  The Mail Notice shall, among other things, contain the following:

a.      The anticipated amount of the Settlement Payment for each Settlement Class Member;

b.      Explanation that the Settlement Class Members must keep the Settlement Administrator apprised of their correct address at all times until receipt of their Settlement Payment;

        c.      Description of how Settlement Class Members so desiring may opt out or object to the Settlement, including that so-called "mass" or "class" opt outs shall not be allowed.

        d.      Short, plain statement of the background of the Litigation and the proposed Settlement;

        e.      A brief description of the Class Settlement Relief as set forth in this Agreement;

        f.      Explanation to Settlement Class Members that, if they do not exclude themselves from the Settlement Class, they shall release the Released Claims as against the Released Persons in accordance with Section 12 of this Settlement Agreement;

        g.      Description of the procedures for participating in the Settlement and the rights of Settlement Class Members, including their right to opt out or object to the Settlement;

        h.      Explanation of the impact of the proposed Settlement on any existing litigation, arbitration, or other proceeding;

        i.      Statement that any Class Settlement Relief under the Settlement is contingent on the Court's Final Approval of the proposed Settlement and the final Judgment becoming Final (within the meaning of Paragraph 2.17);

        j.      Identifying the date and time for the Final Approval Hearing; and

        k.      Explanation that any objection to the Settlement and any papers submitted in support of said objection will be considered only if the Settlement Class Member making an objection complies with the requirements in Section 14 of this Settlement Agreement.

    7.6.    <u>Settlement Website</u>.  No later than the posting of the Mail Notice, the Settlement Administrator shall establish the Settlement Website, which shall contain, among other things,

24

copies of the Complaint, the Settlement Agreement and Exhibits, and the Mail Notice. The

Settlement Website shall also prominently display contact information for Class Counsel and shall

direct all questions about the Class Settlement to Class Counsel. The Settlement Website shall

have a Uniform Resource Locator which identifies the Settlement Website as

BlakeSettlementInfo.com.  The Settlement Website shall remain open and accessible through the

expiration period of all issued Settlement checks.

**8.     TAX TREATMENT OF SETTLEMENT FUND; CONSEQUENCES OF
        TERMINATION**

8.1.    The Settling Parties will treat the Escrow Account containing the Settlement Fund

as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code

and all regulations and rulings thereunder, and for all reporting purposes under the federal tax

laws.  In addition, the Escrow Agent and, as required, Seterus will jointly and timely make the

"relation-back election" (as defined in Treasury Regulation 1.468B-1) back to the earliest

permitted date. Such election will be made in compliance with the procedures and requirements

contained in such regulations.  It will be the responsibility of the Escrow Agent to timely and

properly prepare and deliver the necessary documentation for signature by all necessary parties,

and thereafter to cause the appropriate filing to occur.

8.2.    The Settlement Administrator may be the Escrow Agent within the meaning of

section 468B of the Internal Revenue Code of 1986 and Treasury Regulation 1.468B for the

Settlement Fund. The Escrow Agent will timely and properly file all informational and other tax

returns necessary or advisable with respect to the Settlement Fund (including without limitation

the returns described in Treasury Regulation 1.468B-2(k)). Such returns will reflect that all taxes

(including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund

will be paid out of the Settlement Fund without prior Order of the Court.

8.3.    The Escrow Agent shall invest the funds paid into the Escrow Account by Defendant pursuant to this Settlement Agreement exclusively in instruments backed by the full faith and credit of the U.S. Government or fully insured by the U.S. Government or an agency thereof, including, *e.g.*, U.S. Treasury Bills, U.S. Treasury Money Market Funds, or a bank account insured by the Federal Deposit Insurance Corporation ("FDIC") up to the guaranteed FDIC limit.  Defendant shall not bear any responsibility or liability related to the investment of the funds paid into the Escrow Account by the Escrow Agent.

8.4.    All (a) Taxes arising with respect to the income earned by the Settlement Fund and (b) expenses and costs incurred in connection with the operation and implementation of settlement administration (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file the returns)), will be paid out of the Settlement Fund.   In no event will Defendant have any liability or responsibility for any Taxes, expenses, or costs associated with the Settlement Fund or settlement administration, or for the filing of any tax returns or other documents pertaining to the Settlement Fund with the Internal Revenue Service or any other state or local taxing authority. Defendant is not responsible for and will have no liability for any tax reporting requirements associated with the Settlement Fund.

8.5.    In no event shall Seterus or any Released Persons have any obligation, responsibility, or liability arising from or relating to the administration, maintenance, preservation, investment, use, allocation, adjustment, distribution, disbursement, or disposition of any funds in the Escrow Account.

8.6.    The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section (Section 8).

26

9.      **ATTORNEYS' FEES, EXPENSES, AND NAMED PLAINTIFF'S CASE**
        **CONTRIBUTION AWARD**

9.1.    Any application for Attorneys' Fees and Expenses shall not exceed one-third (1/3) of the Settlement Fund plus reasonable out-of-pocket litigation expenses.  Seterus agrees not to oppose or otherwise object to an application for the award of Attorneys' Fees and Expenses in this Action so long as the attorney's fees requested do not exceed one-third (1/3) of the Settlement Fund.

9.2.    Any application for a Case Contribution Award to the Named Plaintiff shall not exceed $5,000.  In addition to the Class Settlement Relief otherwise due to a Settlement Class Member, Seterus agrees not to oppose or otherwise object to an application for a total Case Contribution Award for the Named Plaintiff in an amount not to exceed $5,000.

9.3.    The procedure for and the grant or denial or allowance or disallowance by the Court of the Attorneys' Fees and Expenses and any Case Contribution Award are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceedings relating to the applications for Attorneys' Fees and Expenses and any Case Contribution Award, or any appeal from any such order or the reversal or modification of any such order, will not operate to terminate or cancel this Agreement, or affect or delay the finality of Judgment approving the Agreement and the Settlement.

10.     **COVENANTS**

The Settling Parties covenant and agree as follows:

10.1.   Covenants Not to Sue.  Named Plaintiff and the Settlement Class covenant and agree:  (a) not to assert any of the Released Claims in any action and not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action based on or relating to any of the Released Claims, or the facts and circumstances relating thereto, against any

27

of the Released Persons; (b) not to organize or solicit the participation of Settlement Class Members in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto against the Released Persons; and (c) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Persons.

      10.2.   Cooperation.  The Settling Parties agree to cooperate reasonably and in good faith, with the goal of obtaining entry of a Final Judgment as quickly as is reasonably practicable and of expeditiously reaching agreement on the matters requiring mutual agreement as set forth in this Agreement, including, but not limited to, the expeditious agreement to the terms of all Class Notice documents and settlement administration protocols, and the preparation and execution of all other reasonable documents necessary to achieve Final Approval of the Settlement by the Court.

## 11.     REPRESENTATIONS AND WARRANTIES

      11.1.   Representations and Warranties.

      11.1.1. Named Plaintiff represents and warrants that he is the sole and exclusive owner of his own Released Claims and that he has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Persons, and further covenants that he will not assign or otherwise transfer any interest in any of Named Plaintiff's Released Claims.

      11.1.2. Named Plaintiff represents and warrants that he has no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

      11.2.   The Settling Parties' Representations and Warranties. The Settling Parties, and each of them on his or its own behalf only, represent and warrant:

28

11.2.1. That they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel;

11.2.2. That in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof;

11.2.3. That they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any party to the Settlement Agreement; and

11.2.4. Each of the Settling Parties assumes the risk of mistake as to facts or law.

## 12.   RELEASES

12.1.   Released Claims of Settlement Class.  Upon the Final Settlement Date, each member of the Settlement Class, other than the Named Plaintiff, shall, by operation of the Final Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all claims, actions, causes of action, suits, defenses, debts, sums of money, payments, obligations, promises, defenses, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have on or before the Final Settlement Date or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern,

29

arise from, or pertain in any way to Reinstatement Quote Letters sent by or on behalf of any Released Party.

   12.1.1 The Release in Paragraph 12.1 shall include, but is not limited to, all claims related to Reinstatement Quote Letters or any communications regarding the reinstatement of any mortgage loan; all claims relating to the inclusion of estimated, anticipated, or forecasted fees in a modified loan balance where the Settlement Class Member entered into a loan modification following the Settlement Class Member's receipt of a Reinstatement Quote Letter; any alleged breach of any mortgage, promissory note, or other contract as a result of sending any Reinstatement Quote Letter or any communication regarding the reinstatement of any mortgage loan; any alleged violations of RESPA, FCCPA, or any other federal or state law relating to Reinstatement Quote Letters sent by or on behalf of any Released Party; and any claims for any attorneys' fees, costs, expenses, statutory or punitive damages, or expert fees in connection with or related in any manner to the Litigation.

   12.1.2 Nothing in Paragraph 12.1 shall be deemed a release of any Settlement Class Member's respective rights and obligations under this Agreement.

  12.2. <u>Released Claims of Named Plaintiff</u>. Upon the Final Settlement Date, Named Plaintiff, on behalf of himself, his family members, heirs, guardians, assigns, executors, administrators, predecessors, and successors, hereby releases and discharges the Released Persons from any and all claims, actions, causes of action, suits, defenses, debts, sums of money, payments, obligations, promises, defenses, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that Named Plaintiff may have on or before the Final Settlement Date or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether

30

based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to Reinstatement Quote Letters sent by or on behalf of any Released Party.

       12.2.1  The Release in Paragraph 12.2 shall include, but not be limited to, all claims related to Reinstatement Quote Letters or any communications regarding the reinstatement or modification of any mortgage loan; claims relating to the inclusion of estimated or forecasted fees in loan modification amounts in a Reinstatement Quote Letter; claims relating to the inclusion of estimated or forecosted fees in loan mofidication amounts following receipt of a Reinstatment Quote Letter; any alleged breach of any mortgage, promissory note, or other contract as a result of sending any Reinstatement Quote Letter or any communication regarding the reinstatement of any mortgage loan; any alleged violations of the FCCPA, RESPA, or any other federal or state law relating to Reinstatement Quote Letters sent by or on behalf of any Released Party; and any and all claims for any attorneys' fees, costs, expenses, statutory or punitive damages, or expert fees in connection with or related in any manner to the Litigation.

       12.2.2 Nothing in Paragraph 12.2 shall be deemed a release of Named Plaintiff's respective rights and obligations under this Agreement.

       12.2.3 The Named Plaintiff and Class Counsel further represent that there are no outstanding liens or claims against the Litigation, it being recognized that the Named Plaintiff will solely be charged with the responsibility to satisfy any other liens or claims asserted in the Litigation.

      12.3.   In connection with the foregoing Release, the Named Plaintiff and each Settlement Class Member shall be deemed, as of the entry of the Final Judgment, to have waived any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, and any

statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Settling Parties have chosen Florida law to govern this Settlement Agreement—the Named Plaintiff and each Settlement Class Member agree that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished and released.  The Named Plaintiff and each Settlement Class Member recognize that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Judgment, they fully, finally, and forever settle and release any and all claims covered by these Releases. The Settling Parties, including all Settlement Class Members, acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

12.4.    This Agreement and the Releases herein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section 13 of this Settlement Agreement.

12.5.    The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases contained in the Agreement.  The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

12.6.    Upon issuance of the final Judgment: (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions hereof; (ii) the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s); (iii) Settlement Class Members who have not opted out shall be permanently barred and enjoined from asserting any Released Claims in any action or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (iv) Settlement Class Members who have not opted out shall be permanently barred and precluded from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

12.7.    Nothing in this Settlement Agreement and Releases shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed herein.  The Releases in this Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

## 13.    OPT-OUT RIGHTS

13.1.    A Settlement Class Member who wishes to opt out of the Settlement Class must do so in writing.  In order to opt out, a Settlement Class Member must complete and send to Class Counsel (or the Settlement Administrator), at the address listed in the Class Notice, a Request for Exclusion that is postmarked no later than the Opt-Out Deadline, as specified in the Class Notice (or as the Court otherwise requires).  The Request for Exclusion must: (a) identify the case name;

(b) identify the name, address, and telephone number of the Settlement Class Member; (c) identify the address of the property securing the loan for which the Settlement Class Member received the Reinstatement Quote Letter; (d) be personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in *Geoffrey Blake v. Seterus, Inc.*, No. 16-21225-CIV-KING."

13.1.1  Any Settlement Class Member who does not opt out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class, and shall be bound by all subsequent proceedings, orders, and judgments.

13.1.2  A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Section (Section 13), even if the Settlement Class Member desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Persons, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

13.2.   Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

13.3.   The Settlement Administrator shall provide Class Counsel and Seterus's Counsel with a list of all timely Requests for Exclusion within 10 business days after the Opt Out Deadline.

13.4.   If the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds three percent (3%) of the total number of Settlement Class Members, the Settling Parties stipulate and agree that Seterus shall have the

right, which it can exercise or not in its unilateral discretion, to terminate this Agreement without penalty or sanction.

13.5.    Except for those Settlement Class Members who timely and properly file a Request for Exclusion in accordance with Section 13, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date, will be bound by its terms.

## 14.    OBJECTIONS

14.1.    <u>Overview</u>.  Any potential Settlement Class Member who does not opt out of the Settlement may object to the Settlement.  To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

14.2.    <u>Process</u>.  Any potential Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court and mailed (with the requisite postmark) to Class Counsel and Seterus Defense Counsel (at the addresses identified in Section 20) no later than the Objection Deadline.

14.2.1  The requirements to assert a valid written objection shall be set forth in the Class Notice, and, to be valid, the written objection must include:  (a) the case name and number; the name, address, and telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) a description of the specific basis for each objection raised; (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; and (e) the address of the property securing the loan for which he/she received the reinstatement quote letter.

14.2.2  Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have

waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

14.3.    Appearance. Subject to approval of the Court, any Settlement Class Member who files and serves a written objection in accordance with Paragraph 14.2 and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member:  (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice Of Intention to Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

14.3.1  The Notice of Intention to Appear must include the case name and number; the Settlement Class Member's name, address, telephone number, and signature, and, if represented by counsel, their contact information; and copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

14.3.2  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections or otherwise address the Court or the Parties.

## 15.    SETTLEMENT APPROVAL

15.1.    Within 30 days of execution, Named Plaintiff shall file a Preliminary Approval Application and ask the Court for entry of the proposed Preliminary Approval Order.

15.2.   At least 10 days before the Final Approval Hearing, the Settlement Administrator shall provide counsel for the Settling Parties with an affidavit or declaration by a competent affiant or declarant, attesting that the Class Notice has been disseminated in accordance with the Preliminary Approval Order and identifying the number of Requests for Exclusion to the Settlement.   At least 5 days before the Final Approval Hearing, or as otherwise required by the Court, Named Plaintiff shall file the affidavit or declaration with the Court.

15.3.   Named Plaintiff shall move for Final Approval of the Settlement in accordance with the Preliminary Approval Order or such other or further order of the Court. Seterus shall support Final Approval of the Settlement consistent with the terms of this Agreement.

15.4.   At the Final Approval Hearing, Named Plaintiff shall move for entry of the proposed Judgment and present arguments in support thereof.  Seterus shall support entry of the proposed Judgment consistent with the terms of this Agreement.

15.5.   Promptly after the Final Settlement Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by or involve any Settlement Class Member that are released pursuant to this Settlement Agreement.

## 16.   CERTIFICATION OF SETTLEMENT CLASS FOR SETTLEMENT PURPOSES

16.1.   After the Preliminary Approval Order is entered, Named Plaintiff shall move for Final Approval of the Settlement and entry of Final Judgment, and shall request that the preliminary certification of the Settlement Class for settlement purposes be made final.

16.2.   If the Settlement is not granted Final Approval, or this Agreement is otherwise terminated or rendered null and void, the certification of the above-described Settlement Class shall be automatically vacated and shall not constitute evidence or a determination that the requirements for certification of a class for settlement or trial purposes in this or any other action can be or have been satisfied; in such circumstances, Seterus reserves and shall have all rights to

challenge certification of a Settlement Class or any other Class for trial or any other purpose in the Litigation, or in any other action, on all available grounds as if no Settlement Class had been certified.

## 17.   CONFIDENTIALITY; COMMUNICATIONS TO MEDIA AND PUBLIC

17.1.   The Settling Parties agree further that before Preliminary Approval of the Settlement, they shall not publish a press release or a release on the Internet concerning the Settlement without the prior written review and approval of all other Settling Parties.

17.2.   The Settling Parties agree that both before and after Preliminary Approval, if any print or electronic media outlet contacts any party or its counsel seeking information or a statement regarding the Settlement, in the absence of a response agreed upon by all Settling Parties, no information will be provided in response to such inquiries except to the extent such information appears as part of the public record.

## 18.   TERMINATION AND EFFECT THEREOF

18.1.   This Agreement shall be terminable by any Settling Party if any of the conditions of Section 3, Paragraph 4.3.7, or Paragraph 4.4.2 are not fully satisfied, unless they are waived in writing signed by authorized representatives of the Settling Parties.

18.2.   This Agreement shall also terminate at the discretion of any Settling Party if:  (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement or the proposed Settlement that is material, including without limitation, the terms or relief (other than Attorneys' Fees and Expenses), the findings or conclusions of the Court, the provisions relating to Class Notice, the definition of the Settlement Class, and/or the terms of the Releases; (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Final Judgment, or any of the District Court's findings of fact or

conclusions of law, that is material; or (3) all of the conditions required to be met before the Final Settlement Date do not occur.

18.3.   If this Agreement is terminated as provided herein, either automatically or by a Party, the Settlement shall be null and void from its inception and the Settling Parties will be restored to their respective positions in the Litigation as of the date of Preliminary Approval.  In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in the Litigation, or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc.*

## 19.   MISCELLANEOUS PROVISIONS

19.1.   The Settling Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

19.2.   The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement were negotiated in good faith and at arm's length by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.

19.3.   Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is, or may be deemed to be, or may be used as, an admission or evidence of the validity of any Released Claims, or of

any wrongdoing or liability by Seterus; or is, or may be deemed to be, or may be used as, an admission of, or evidence of, any fault, omission, wrongdoing, or liability of Seterus in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Seterus may file this Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

19.4.   All of the Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

19.5.   This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

19.6.   This Agreement and the Exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized herein. Except as otherwise provided herein, the Settling Parties will bear their own respective fees and costs.

19.7.   Class Counsel, on behalf of the Settlement Class, are expressly authorized by the Named Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Agreement to effectuate its terms and are expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Settlement Class that Class Counsel deem appropriate.

19.8.    This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them will be deemed to be one and the same instrument. A complete set of counterparts will be submitted to the Court.

19.9.    This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

19.10.   The Court will retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

19.11.   None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof. The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning and will not be interpreted for or against any Settling Party as the drafter thereof.

19.12.   With the exception of the Settlement Class List and information regarding the distribution of the Settlement Fund to Settlement Class Members, within 60 days after the Final Settlement Date, Class Counsel shall destroy all electronically stored information, testimony, or other information produced by Seterus in the Litigation, including any information provided during mediation or settlement discussions, and shall so certify in writing.

19.13.   The Settlement shall be governed by the laws of the State of Florida, except to the extent that the law of the United States governs any matters set forth herein, in which case such federal law shall govern.

19.14.   The following principles of interpretation apply to the Agreement: (a) the plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be; (b) references to a person are also to the person's successor-in- interest; and (c)

41

whenever the words "include," "includes," or "including" are used in the Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

19.15.  The Settlement Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices of the Settlement Class after the Judgment is entered.

**20.    NOTICES**

20.1.   All Notices (other than the Class Notice) required by the Agreement shall be made in writing and communicated by electronic mail and Federal Express to the following addresses:

All Notices to Plaintiffs or the Settlement Class shall be sent to Class Counsel, c/o:

James L. Kauffman
Bailey & Glasser, LLP
1054 31st Street NW, Suite 230 Washington,
DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 342-2103
Email:  jkauffman@baileyglasser.com

*Counsel for Named Plaintiff and Settlement Class*

J. Dennis Card, Jr.
Darren Newhart
Consumer Law Organization, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (305) 574-0132
Email: DCard@Consumerlaworg.com
Email: Darren@cloorg.com

All Notices to Seterus shall be sent to Seterus Defense Counsel:

Allen P. Pegg
Jason D. Sternberg
Hogan Lovells US LLP

Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
Email: Allen.pegg@hoganlovells.com
Email: Jason.sternberg@hoganlovells.com

*Counsel for Seterus, Inc.*

20.2.    The notice recipients and addresses designated above may be changed by written

agreement of the Settling Parties.

20.3.    Upon the request of any of the Settling Parties, the Settling Parties agree to

promptly provide each other with copies of objections, Requests for Exclusion, or other similar

documents received from Settlement Class Members in response to the Class Notice.

WHEREFORE, the Settling Parties have read and understand this Settlement Agreement

and have executed this Settlement Agreement on the dates set forth below.

Dated:_____3/16/2018_____          _____By:_____
                                              Name:GEOFFREY BLAKE
                                              Title:


Dated:_____     By:   _____
                                        Name:
                                        Title:


Dated:_____     By:   _____
                                        Name:
                                        Title:

\\MI - 040210/000147 - 555354 v1

600 Brickell Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
Email: Allen.pegg@hoganlovells.com
Email: Jason.sternberg@hoganlovells.com

*Counsel for Seterus, Inc.*

20.2.    The notice recipients and addresses designated above may be changed by written

agreement of the Settling Parties.

20.3.    Upon the request of any of the Settling Parties, the Settling Parties agree to

promptly provide each other with copies of objections, Requests for Exclusion, or other similar

documents received from Settlement Class Members in response to the Class Notice.

WHEREFORE, the Settling Parties have read and understand this Settlement Agreement

and have executed this Settlement Agreement on the dates set forth below.

Dated: 19 March 2018                          By: _____
                                                          Name: Leslie Peeler
                                                          Title: President
                                                          SETERUS, INC.


Dated: _____       By: _____
                                                          Name:
                                                          Title:


Dated: _____       By: _____
                                                          Name:
                                                          Title:


43 / Blake v. Seterus
        16-21225-CIV-KING

*EXHIBIT A - 1*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GEOFFREY BLAKE, on behalf of
himself and all others similarly situated,

       Plaintiff,

v.

SETERUS, INC.,

       Defendant.

Case No.: 16-cv-21225-JLK

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR
SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND
SCHEDULING A FINAL APPROVAL HEARING**

Upon review and consideration of Plaintiff's Motion for Preliminary Approval of Class

Action Settlement, including the Parties' Stipulation and Settlement Agreement (the "Settlement

Agreement") and all Exhibits thereto, and having been fully advised in the premises, it is

HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.      **Settlement.** Plaintiff Geoffrey Blake ("Plaintiff") and Defendant Seterus, Inc.

("Seterus") (collectively, the "Settling Parties"), have negotiated a potential settlement of this

action (the "Action" or the "Litigation") to avoid the expense, uncertainties, and burden of

protracted litigation, and to resolve any and all claims being released by the Settlement

Agreement, including all claims which have been or could be asserted by Plaintiff and/or other

members of the Settlement Class in the Action against Seterus and all of their respective past

present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired

companies, agents, and affiliated companies.

2.      **Review.** The Court has carefully reviewed the Settlement Agreement, as well as

the files, records, and proceedings to date in this matter. The terms and conditions in the

Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3.       **Preliminary Approval.** The Settlement Agreement entered into by and among Plaintiff and Seterus has been negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate.

4.       **Settlement Class Relief.** The proposed Settlement Class Relief to the Settlement Class Members, as identified in Section 4 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Class shall consist of all borrowers who, according to regularly kept and readily accessible and data and other electronic records of Seterus, requested or received, either directly or indirectly through an agent, attorney, or other person or entity acting or purporting to act on the borrower's behalf a Reinstatement Quote Letter containing amounts labeled as "estimated," "anticipated," or "forecasted" fees concerning a mortgage loan from Seterus at any time during the Class Period, and who appear on the Settlement Class List, as that term is defined in Paragraph 2.41 of the Settlement Agreement. Excluded from the Settlement Class are all borrowers who file a timely and proper request to be excluded from the Settlement Class in accordance with Section 13 of the Settlement Agreement.

5.       **Preliminary Certification of Settlement Class.** The Court makes the following determinations as to certification of the Settlement Class for settlement purposes only:

(a)       The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

(b)       The Settlement Class is so numerous that joinder of all members is impracticable;

(c)       There are questions of law or fact common to the members of the Settlement Class;

(d)       The claims of Plaintiff are typical of the claims of the other members of the

Settlement Class;

(e)     Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

(f)     Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g)     The Settlement Class is ascertainable;

(h)     Resolution of the claims in this Litigation by way of Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6.     **Designation of Class Representative.** Plaintiff Geoffrey Blake is designated as a representative of the Settlement Class for the sole purpose of seeking a settlement of the Litigation.

7.     **Designation of Class Counsel.** Attorneys James L. Kauffman of Bailey & Glasser LLP; and Darren Newhart and J. Dennis Card Jr, of the Consumer Law Organization, P.A. are hereby designated as Class Counsel for the Settlement Class.

8.     **Final Approval Hearing.** A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at ___:00 __.m. on ____[no earlier than 90 days after the Class Notice Date and the service of the required Notices under 28 U.S.C. § 1715], 2018 in Miami, Florida before the Honorable James Lawrence King, to determine, among other things: (i) whether the Settlement of the Litigation should be finally approved as fair, reasonable, and adequate; (ii) whether the Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members who have not opted out, from filing, commencing, prosecuting, intervening in, participating in

3

(as class members or otherwise), organizing, or soliciting the participation of other Settlement Class Members to pursue any action in any jurisdiction based on or relating to any of the Released Claims (as defined in the Settlement Agreement) or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses, and for a Case Contribution Award to Plaintiff, should be approved.

9.    **Class Notice**.

(a)    The Court approves the Class Notice in the Settlement Agreement, including the Mail Notice attached as Exhibit A to the Settlement Agreement and the manner of providing Mail Notice to Settlement Class Members described in Section 7 of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that Mail Notice and the other forms of Class Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process.

(b)    The Mail Notice shall be mailed no later than twenty-one (21) days after the entry of this Order and at least ninety (90) days before the date set by the Court for a Final Approval Hearing regarding the Settlement.

(c)    No later than the posting of the Mail Notice, the Settlement Administrator shall establish an Internet site (the "Settlement Website"), which shall contain copies of the Complaint, the Settlement Agreement and Exhibits, the Mail Notice, and other Litigation documents. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as BlakeSettlementInfo.com. The

4

Settlement Website shall remain open and accessible through the expiration period of all issued Settlement checks. The Settlement Website also shall prominently display contact information for Class Counsel and shall direct all questions about the Class Settlement to Class Counsel.

(d) No later than seven (7) days prior to the Final Approval Hearing, Class Counsel shall obtain from the Settlement Administrator and shall file with the Court a proof of mailing of the Mail Notice and of establishing the Settlement Website.

10. **Administrator.** The Court authorizes and directs the Parties to retain a Settlement Administrator to implement the terms of the Settlement Agreement, and authorizes and directs such Administrators to: (i) mail the Mail Notice; (ii) establish the Settlement Website; (iii) administer the Settlement Fund and provide settlement relief to Settlement Class Members; and (iv) carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Action.

11. **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to Class Counsel (or the Settlement Administrator), by first-class mail, postage prepaid, to the address provided in the Class Notice. Any such Request for Exclusion must be postmarked no later than forty-five days after the Class Notice Date.

(a) To be valid, the Request for Exclusion must: (a) identify the case name; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) identify the address of the property securing the loan for which the Settlement Class Member received the reinstatement quote letter; (d) be personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the

5

proposed Settlement Class in *Geoffrey Blake v. Seterus, Inc.*, No. 16-21225-CIV-KING."

(b)     A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the Settlement Class Member desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Persons (as defined in the Settlement Agreement), or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

(c)     Except for those Settlement Class Members who timely and properly file a Request for Exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date (as defined in the Settlement Agreement), will be bound by its terms, including, but not limited to, the Releases in Section 12 of the Settlement Agreement.

(d)     If the proposed Settlement is approved, any Settlement Class Member who has not submitted a timely, written Request for Exclusion from the Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Seterus relating to any of the Released Claims.

12.     **Objections and Appearances.** Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement must do so in writing and must file with the Clerk of Court and serve on Class Counsel and Seterus Defense Counsel at the addresses listed below, a written statement of

6

objection in accordance with the requirements set forth below and in the Settlement Agreement. The written statement of objection must be postmarked no later than forty-five days after the Class Notice Date.

**For Plaintiff And Settlement Class**
James L. Kauffman
Bailey & Glasser LLP
1054 31st Street NW, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 342-2103
Email: jkauffman@baileyglasser.com

**For Seterus**
Allen P. Pegg
Hogan Lovells US LLP
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Telephone: (305)459-6500
Facsimile: (305)459-6550
Email: allen.pegg@hoganslovell.com

(a)     The requirements to assert a valid written objection shall be set forth in the Class Notice, and shall include: (a) the case name and number; (b) the name, address, telephone number of the person objecting and, if represented by counsel, of his/her counsel; (c) a description of the specific basis for each objection raised; (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; and (e) the address of the property securing the loan for which he/she received the reinstatement quote letter.

(b)     Any Settlement Class Member who fails to object to the Settlement in the manner described in the Agreement, the Class Notice, and this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

7

(c)     Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice Of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature, by the Objection Deadline (as identified in above); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing.  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement, the Class Notice, and this Order will not be entitled to appear at the Final Approval Hearing to raise any objections.

13.     Releases. If the Settlement is finally approved, all Settlement Class Members who have not filed a timely and proper Request for Exclusion shall release the Released Persons from all Released Claims, as described in Section 12 of the Settlement Agreement.

14.     Attorneys' Fees and Expenses, and Case Contribution Awards. Seterus agrees not to oppose an application for the award of Attorneys' Fees and Expenses in this Action not to exceed one-third (1/3) of the total monetary benefit Seterus has agreed to pay under the

8

Settlement Agreement. Seterus also agrees not to oppose the application for a total Case Contribution Award of $5,000 for Plaintiff Geoffrey Blake for his work and assistance in this Action.

15.     Preliminary Injunction. All Settlement Class Members who do not timely exclude themselves from the Settlement Class are hereby preliminarily enjoined from directly or indirectly (i) asserting any of the Released Claims (as that term is defined in the Settlement Agreement) in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit based on or relating to any of the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto against the Released Parties.

16.     Service of Papers. Seterus's Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Seterus's Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

17.     Termination of Settlement. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; (ii) the Settlement Agreement is

9

terminated or does not become Final, as required by the terms of the Settlement Agreement, for any other reason, or (iii) Seterus or Plaintiff void the Settlement Agreement per Section 2.40 thereof due to potential variations in actual size of the class (*i.e.*, the number of people who are Class Members). In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose.

18.     Use of Order Following Termination of Settlement. This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Seterus of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or the Settlement Class Members that their claims lack merit or that the relief requested in the Class Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

19.     Necessary Steps. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

DONE and ORDERED this _____ day of _____ , 2018.

_____
UNITED STATES DISTRICT JUDGE
Honorable James Lawrence King

*EXHIBIT A - 2*

## NOTICE OF PRELIMINARY CLASS ACTION SETTLEMENT

*Geoffrey Blake v. Seterus, Inc.*, Case No. 16-cv-21225-JLK

You are receiving this notice because you have been identified as a potential member of the Settlement Class in *Geoffrey Blake v. Seterus, Inc.*, a case pending in the U.S. District Court for the Southern District of Florida. **It is important that you read this Notice in its entirety - it affects your rights**.

The Class Representative, Geoffrey Blake, reached a settlement with the Defendant, Seterus, Inc. (hereinafter "Seterus"). The Settlement is subject to approval by the Court. If the Court approves it, the Settlement will be binding on you as a Settlement Class Member.

Some additional general information about the case, the Settlement, and the settlement approval process is set out below. For additional information, you may review the case file at the United States Courthouse, 99 N.E. Fourth Street, Miami, Florida 33132, or you may contact the Settlement Administrator or Class Counsel listed below.

**THE LAWSUIT**. Briefly summarized, Mr. Blake asserted on behalf of himself and the Settlement Class Members that Seterus improperly demanded the payment of estimated, anticipated, or forecasted fees and costs to which it was not entitled in reinstatement quote letters provided to him and Settlement Class Members describing the amount needed to reinstate their mortgage loans. The complaint sought damages for Settlement Class Members. Seterus asserted that it committed no wrongdoing, and that it should not be required to pay any damages, fees, or costs.

The Parties engaged in extensive negotiations and, with a mediator's assistance, arrived at the Settlement described in this Notice to avoid the burden, expense, risk and uncertainty of continuing the lawsuit.

**THE SETTLEMENT**. The full terms of the Settlement are included in a written Settlement Agreement between Mr. Blake, as Class Representative, and Seterus. This is just a summary. The Settlement Agreement was filed with the Court on _____, 2018. You can obtain a copy of the Settlement Agreement in full, and other related documents, at the Settlement Administrator's website: _____SettlementInfo.com. The Settlement Agreement is subject to approval by the judge.

If the Court approves the Settlement, then the terms of the Settlement Agreement will bind all Settlement Class Members, and the Settlement Agreement will determine how much is paid to Settlement Class Members. If the Settlement is not approved, then the terms of the Settlement Agreement will not be binding on Settlement Class Members or Seterus.

The Settlement Class is defined as follows:

All individuals who, according to regularly kept and readily accessible data and other electronic records of Seterus, requested or received, either directly or indirectly through an agent, attorney, or other person or entity acting or purporting to act on the borrower's behalf a Reinstatement Quote containing amounts labeled as "estimated," "anticipated," or "forecasted" fees concerning a mortgage loan from Defendant at any time during the Class Period [April 1, 2013 through date of Preliminary Approval], and who appear on the Settlement Class List, as that term is defined in Paragraph 2.41 of the Settlement Agreement.

*The Settlement Payment*. The Settlement Agreement calls for Seterus to establish a Settlement Fund of five hundred twenty-three thousand seven hundred sixty-one dollars and twenty-five cents ($523,761.25). If the Settlement is approved, a professional Settlement Administrator, _____, then will distribute the funds as required by the Settlement Agreement and the Court. The Settlement Payment will be used to pay Settlement Class Members, Attorneys' Fees and Expenses, a Case Contribution Award to Mr. Blake, and the costs of notice and administration, subject to Court approval. After deduction for notice and administration costs, Court-approved Attorneys' Fees and Expenses, and the Case Contribution Award, the remainder of the Settlement Payment will be equally divided among the Settlement Class Members. Under the terms of the Settlement Agreement, Settlement Class Members will receive approximately $76.00 each before deductions for requested Attorneys' Fees and Expenses, Case Contribution Award, and the costs of notice and administration. In addition, the Settlement Agreement calls for  Seterus to perform

a financial reconciliation for each reinstated loan of each Settlement Class Member who did not previously have such an audit performed on his or her loan after reinstatement within the time period set forth in the Settlement Agreement. To the extent the reinstatement payment of any Settlement Class Member included any fees or charges not actually incurred that have not yet been reimbursed, Seterus shall independently reimburse those Settlement Class Members for the amount of any such fees or charges.

*Release of Claims*. The Settlement Agreement includes a Release of certain claims against Seterus, and related parties. This means the Settlement Class Members will no longer be able to sue Seterus and related parties again for those claims. The Released Claims include all claims related to reinstatement quote letters or any communications regarding reinstatement of any mortgage loan received from Seterus, or any person acting for Seterus, or the inclusion of estimated or forecasted fees in loan modification amounts following receipt of a reinstatement quote letter. The Released Claims include all contract, tort, and statutory claims that fit this description and exist as of the date the Settlement and the Court's Judgment in the case become final.

*Attorneys' Fees, Expenses and Case Contribution Award.* Class Counsel will request that their fees and expenses be paid from the Settlement Fund. They intend to request that the Court award them one-third of the Settlement Fund, or $174,569, which includes reimbursement for the expenses that they have paid on behalf of the Class. The Class Representative, Mr. Blake, also will request that he be paid a Case Contribution Award in the amount of $5,000 from the Settlement Fund to compensate him for the work he did in creating the Settlement Fund for the Class.

**FAIRNESS HEARING**. The Court has granted preliminary approval of the Settlement. The Court will hold a hearing to consider whether to finally approve the Settlement at the following date and time: _____.

You are not required to attend the hearing in order to receive a cash payment. However, you are required to notify the Settlement Administrator regarding any address change or address correction until you receive your Settlement Payment.

**YOUR OPTIONS**. You have three options.

*Option 1*: *Accept the Settlement.* To accept the Settlement, do nothing. If the Court ultimately approves the Settlement, the Settlement Administrator (_____) will mail you a single check in the full amount of your Settlement Payment.

*Option 2*: *Object to the Settlement.* If you object to the Settlement, you must send a written objection to the Clerk of the United States District Court for the Southern District of Florida, 99 N.E. Fourth Street., Miami, Florida, 33132. You must also send a copy of your objection to Class Counsel and Seterus's counsel at the addresses below. Objections must state: (1) the case name and number, *Blake v. Seterus, Inc.,* Civil Action No.: 16-cv-21225, (2) your name, address, telephone number, and the name, address and telephone number of your attorney if you have one; (3) the specific reason(s) why you are objecting; (4) whether you intend to appear at the final fairness hearing, either with or without a lawyer; (5) the address of the property securing the loan for which you received the reinstatement quote letter; and (6) your signature. Any Settlement Class Member who has filed timely objections may appear at the fairness hearing and be heard, individually or through a lawyer you hire to pursue the objection provided you file a notice of intention to appear which includes the case name and number, your name, address, telephone number and signature. **The deadline for objections to be received by the Court is [_____ ], which is 45 days from the date this Notice is mailed.**

*Option 3: Opt out of the Settlement.* You are automatically part of the Settlement Class. If you do not wish to participate in the Settlement, you can exclude yourself from or "opt out" of the Settlement. This means you will receive no payment as part of this Settlement, nor any of the additional settlement benefits. You cannot ask to be excluded over the phone or via the internet. To exclude yourself, you must mail a written Request for Exclusion to the Settlement Administrator that includes: (1) the case name, *Blake v. Seterus, Inc.;* (2) your name, your address, and your telephone number; (3) the address of the property securing the loan for which you received the reinstatement quote letter; (4) a statement requesting exclusion from the proposed Settlement, such as "I hereby request that I be excluded from the proposed Settlement Class in the Blake Class Action"; and (5) your original signature. **Your written Request for Exclusion must be postmarked no later than _____, which is 45 days from the date this Notice is**

**mailed, and must be mailed to [ADDRESS OF SETTLEMENT ADMINISTRATOR].** You may not seek to "opt out" of the Settlement on behalf of other members.

**QUESTIONS FOR CLASS COUNSEL**. Please do not address questions about the Settlement or the lawsuit to the Clerk of the Court or to the judge. Please direct questions to Class Counsel:

James L. Kauffman
Bailey & Glasser LLP
1054 31st Street NW, Suite 230
Washington, DC 20007
Tel: 202-463-2101
Fax: 202-463-2103
Email: mkestnerclay@baileyglasser.com

**ADDITIONAL ADDRESSES**.

**Counsel for Seterus**

Allen P. Pegg
Jason D. Sternberg
Hogan Lovells US LLP
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Tel: 305-459-6500
Fax: 305-459-6550
Email:   allen.pegg@hoganlovells.com
            Jason.sternberg@hoganlovells.com

**Settlement Administrator**

[NAME]
[ADDRESS]
[TELEPHONE]
[EMAIL]