UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| GEOFFREY BLAKE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SETERUS, INC.,<br><br>Defendant. | Case No.: 16-cv-21225-JLK |

## ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On April 9, 2018, this Court granted preliminary approval to the proposed class action settlement set forth in the Stipulation and Settlement Agreement (the "Settlement Agreement") between Plaintiff Geoffrey Blake ("Plaintiff" or "Named Plaintiff"), on behalf of himself and all members of the Settlement Class[1] and Defendant Seterus, Inc. ("Seterus") (collectively, the "Parties"). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a final approval hearing to take place on August 28, 2018. The Court finds that the Class Notice substantially in the form approved by the Court in its preliminary approval order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate.

On August 28, 2018, the Court held a duly noticed final approval hearing to consider, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions found in the Settlement Agreement.

and adequate; (2) whether a judgment should be entered dismissing the Named Plaintiff's Complaint on the merits and with prejudice in favor of Seterus and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Case Contribution Award to the Named Plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has personal jurisdiction over the Parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Litigation" or the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in multiple mediation sessions and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the prerequisites for a class action under Fed. R. Civ. P.

23(a) and Fed. R. Civ. P. 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Named Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) the Named Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into and consummating the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4.  Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as defined in the Settlement Agreement, which shall consist of all individuals who, according to regularly kept and readily accessible data and other electronic records of Seterus, requested or received, either directly or indirectly through an agent, attorney, or other person or entity acting or purporting to act on the borrower's behalf a Reinstatement Quote Letter containing amounts labeled as "estimated," "anticipated," or "forecasted" fees concerning a mortgage loan from Seterus at any time during the Class Period, and who appear on the Settlement Class List, as that term is defined in Paragraph 2.41 of the Settlement Agreement. Excluded from the Settlement Class are: all borrowers who file a timely and proper request to be excluded from the Settlement Class in accordance with Section 13 of the Settlement Agreement.

5.  The Court finally appoints attorneys James L. Kauffman of Bailey & Glasser LLP and Darren Newhart and J. Dennis Card Jr, of the Consumer Law Group, P. A. as Class Counsel for the Settlement Class.

6. The Court finally designates Named Plaintiff Geoffrey Blake as the Class Representative.

7. The Court makes the following findings on notice to the Settlement Class:

(a) The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b) The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment (i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement Class Members pursuant to the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

8. The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of,

each of the Parties and the Settlement Class Members.

9. The Court approves the distribution of the Settlement Fund, as described in the Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

10. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

11. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel Attorneys' Fees in the amount of $174,587.00, plus reimbursement of expenses of $10,831.00, payable pursuant to the terms of the Settlement Agreement. The Court also awards a Case Contribution Award in the amount of $5,000 to Geoffrey Blake payable pursuant to the terms of the Settlement Agreement.

12. The terms of the Settlement Agreement and of this Final Order and Judgment, including all Exhibits thereto, shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits maintained or filed by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

13. The Releases, which are set forth in Section 12 of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Released Persons (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

5

(a) Release and Waiver Definitions.

(i) "Seterus" means Seterus, Inc. and each of its past or present divisions, parents, agents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), any direct or indirect subsidiary of Seterus, and each of Seterus's past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities;

(ii) "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons;

(iii) "Released Claims" means all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, defenses, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, demands, and any other forms of liability released pursuant to this Final Order and Judgment and Section 12 of the Settlement Agreement;

(iv) "Released Persons" means: (a) Seterus and each of its respective past or present divisions, parents, agents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), any direct or indirect subsidiary of Seterus, and each of Seterus's past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities; (b) any other parties who acted on behalf of Seterus or any of their respective

past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), with respect to the matters addressed in Paragraph 12 of the Settlement Agreement (Releases), and (c) any trustee or investor of a mortgage securitization trust, including Fannie Mae, which included loans made to any Settlement Class Member;

(v) "Releasing Persons" means Named Plaintiff, all Settlement Class Members who do not properly and timely opt out of the Settlement, and their respective heirs, administrators, successors, and assigns;

(vi) "Settling Parties" means, collectively, Seterus, Named Plaintiff, all Settlement Class Members, and all Releasing Persons.

(b) Released Claims of Settlement Class. Upon the Final Settlement Date, each member of the Settlement Class, other than the Named Plaintiff, shall, by operation of the Final Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all claims, actions, causes of action, suits, defenses, debts, sums of money, payments, obligations, promises, defenses, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have on or before the Final Settlement Date or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern,

7

arise from, or pertain in any way to Reinstatement Quote Letters sent by or on behalf of any Released Party.

(i) The Release in Paragraph 13(b) shall include, but is not limited to, all claims related to Reinstatement Quote Letters or any communications regarding the reinstatement of any mortgage loan; all claims relating to the inclusion of estimated, anticipated, or forecasted fees in a modified loan balance where the Settlement Class Member entered into a loan modification following the Settlement Class Member's receipt of a Reinstatement Quote Letter; any alleged breach of any mortgage, promissory note, or other contract as a result of sending any Reinstatement Quote Letter or any communication regarding the reinstatement of any mortgage loan; any alleged violations of RESPA, FCCPA, or any other federal or state law relating to Reinstatement Quote Letters sent by or on behalf of any Released Party; and any claims for any attorneys' fees, costs, expenses, statutory or punitive damages, or expert fees in connection with or related in any manner to the Litigation;

(ii) Nothing in Paragraph 13(b) shall be deemed a release of any Settlement Class Member's respective rights and obligations under the Agreement.

(c) Released Claims of Named Plaintiff. Upon the Final Settlement Date, Named Plaintiff, on behalf of himself, his family members, heirs, guardians, assigns, executors, administrators, predecessors, and successors, hereby releases and discharges the Released Persons from any and all claims, actions, causes of action, suits, defenses, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that the Named Plaintiff may have on or before the Final Settlement Date or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether

8

past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to Reinstatement Quote Letters sent by or on behalf of any Released Party.

(i) The Release in Paragraph 13(c) shall include, but not be limited to, all claims related to Reinstatement Quote Letters or any communications regarding the reinstatement or modification of any mortgage loan; claims relating to the inclusion of estimated or forecasted fees in loan modification amounts in a Reinstatement Quote Letter; claims relating to the inclusion of estimated or forecasted fees in loan modification amounts following receipt of a Reinstatement Quote Letter; any alleged breach of any mortgage, promissory note, or other contract as a result of sending any Reinstatement Quote Letter or any communication regarding the reinstatement of any mortgage loan; any alleged violations of the FCCPA, RESPA, or any other federal or state law relating to Reinstatement Quote Letters sent by or on behalf of any Released Party; and any and all claims for any attorneys' fees, costs, expenses, statutory or punitive damages, or expert fees in connection with or related in any manner to the Litigation;

(ii) Nothing in Paragraph 13(c) shall be deemed a release of the Named Plaintiff's respective rights and obligations under the Agreement.

(d) The Named Plaintiff and each Settlement Class Member have knowingly and voluntarily waived any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release,**

9

> **which if known by him or her must have materially affected his or her settlement with the debtor.**

The Named Plaintiff and each Settlement Class Member agree that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released. The Named Plaintiff and each Settlement Class Member recognize that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Judgment, they fully, finally, and forever settle and release any and all claims covered by these Releases. The Settling Parties, including all Settlement Class Members, acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

(e) The Agreement and the Releases therein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section 13 of the Settlement Agreement.

(f) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(g) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(h) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

14. All Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any of the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

15. Promptly after the Final Settlement Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member and that have been released pursuant to the Settlement Agreement and this Final Order and Judgment.

16. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order and Judgment, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Seterus as evidence or construed

as or deemed to be evidence of any presumption, concession, or admission by Seterus of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing by Seterus;

   (b) offered by any person or received against Seterus as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Seterus; or

   (c) offered by any person or received against Seterus as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

  17. This Final Order and Judgment and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Person (as that term is defined herein and the Settlement Agreement) to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

  18. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

  19. In the event that the Final Settlement Date does not occur, this Final Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Final Settlement Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's

12

Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Litigation.

20. This Litigation, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

DONE and ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this __28__ day of Aug, 2018.

*James Lawrence King*
UNITED STATES DISTRICT JUDGE
Honorable James L. King

13